PONTIAC OSTEOPATHIC HOSPITAL v DEPARTMENT OF
PUBLIC HEALTH

Docket Nos. 89192, 89299. Submitted May 14, 1986, at Lansing.
Decided November 19, 1986.

Pontiac Osteopathic Hospital and Huron Valley Hospital, Inc.,
applied to the Department of Public Health for certificates of
need to construct acute care hospital facilities in Oakland
County. The applications were denied and the hospitals ap-
pealed to the Certificate of Need Board. Clarkston Surgical
Center, Inc., also applied to the Department of Public Health
for a certificate of need to establish two surgical ambulatory
suites in Oakland County. The department approved Clark-
ston's certificate of need. The Comprehensive Health Planning
Council of Southeastern Michigan, a health systems agency
which had recommended denial of Clarkston's application,
appealed the department's decision to the Certificate of Need
Board. Pontiac Osteopathic Hospital and Huron Valley Hospi-
tal, Inc., filed separate actions against the Department of
Public Health, the director of the department, and Clarkston
Surgical Center, Inc., in Ingham Circuit Court, challenging the
denials of their applications for certificates of need and the
actions of the department in approving Clarkston's certificate
of need. The court, Thomas L. Brown, J., granted summary
disposition in favor of defendants on the ground that plaintiffs
lacked standing to bring their actions. Plaintiffs appealed. The
appeals have been consolidated.

The Court of Appeals *held:*

1. Plaintiffs have no standing to challenge the department's
action concerning Clarkston's application. Only Clarkston and
the Comprehensive Health Planning Council have standing to
challenge that action.

2. The appropriate forum for review of plaintiffs' claims as to

REFERENCES

Am Jur 2d, Administrative Law §§ 595 *et seq.*

Am Jur 2d, Health §§ 4 *et seq.*

Am Jur 2d, Hospitals and Asylums §§ 5, 6.

See the annotations in the Index to Annotations under Exhaustion
of Remedies; Hospitals.

their own applications is the Certificate of Need Board. Plaintiffs' complaints were properly dismissed.

Affirmed.

1. HEALTH — DEPARTMENT OF PUBLIC HEALTH — CERTIFICATE OF NEED — CIRCUIT COURT — ACTIONS — JURISDICTION.

Circuit court jurisdiction to challenge the Department of Public Health's approval of a certificate of need for a hospital's construction of surgical ambulatory suites can be invoked only by aggrieved parties pursuant to the Administrative Procedures Act after exhaustion of administrative remedies (MCL 24.201 *et seq.*, 333.22165; MSA 3.560[101] *et seq.*, 14.15[22165]).

2. HEALTH — DEPARTMENT OF PUBLIC HEALTH — CERTIFICATE OF NEED — APPEAL.

The Certificate of Need Board is the appropriate forum for review of an applicant's claim that its application for a certificate of need was wrongfully denied by the Department of Public Health and its complaints as to the procedures followed by the department in reviewing its application and the department's failure to promulgate rules governing the certificate of need application process (MCL 333.22121[3]; MSA 14.15[22121][3]).

*McGinty, Brown, Jakubiak, Frankland & Hitch, P.C.* (by *Kenneth P. Frankland*), for Pontiac Osteopathic Hospital.

*Lesinski, Krall, Murphy & O'Neill* (by *T. John Lesinski* and *Martin P. Krall, Jr.*), for Huron Valley Hospital, Inc.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Denise Chrysler,* Assistant Attorney General, for Department of Public Health and Gloria Smith.

*Rabette & O'Dea, P.C.* (by *Thomas P. Rabette*), for Clarkston Surgical Center, Inc.

Before: D. F. WALSH, P.J., and SULLIVAN and N. A. BAGULEY,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Plaintiffs, Pontiac Osteopathic Hospital and Huron Valley Hospital, Inc., appeal from the order of the Ingham Circuit Court granting summary disposition to defendants Michigan Department of Public Health (hereinafter the department) and its director, Gloria Smith, and Clarkston Surgical Center, Inc. (hereinafter Clarkston). MCR 2.116(C)(4) and (8).

Plaintiff hospitals applied to the department for certificates of need to construct acute care hospital facilities in Oakland County. MCL 333.22113; MSA 14.15(22113). Their applications were denied. Their appeals to the Certificate of Need Board are pending. MCL 333.22121, 333.22165; MSA 14.15(22121), 14.15(22165).

In their respective complaints filed in circuit court, plaintiffs challenged both the denials of their applications for certificates of need and the actions of the department in approving Clarkston's certificate of need to establish two surgical ambulatory suites in Oakland County. Following the department's issuance of a certificate of need to Clarkston, the Comprehensive Health Planning Council of Southeastern Michigan, the health systems agency which had recommended denial of Clarkston's application, appealed the department's decision to the Certificate of Need Board. MCL 333.22137, 333.22165; MSA 14.15(22137), 14.15(22165). That appeal is also pending.

The circuit court found that plaintiffs lacked standing to bring this action and dismissed their complaints. We affirm.

Plaintiffs' challenges to the department's issuance of a certificate of need to Clarkston were properly dismissed. Only Clarkston and the Comprehensive Health Planning Council have standing to challenge departmental action concerning an application by Clarkston. MCL 333.22121(3),

333.22137(b), 333.22165; MSA 14.15(22121)(3), 14.15(22137)(b), 14.15(22165). Circuit court jurisdiction over such challenges can be invoked only by aggrieved parties pursuant to the Administrative Procedures Act after exhaustion of administrative remedies. MCL 333.22165; MSA 14.15(22165); MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*

Similarly, to the extent that plaintiffs complain of the denial of their applications for certificates of need, the procedures followed by the department in reviewing their applications, and the department's failure to promulgate rules governing the certificate of need application process,[1] the appropriate forum for review of their claims is the Certificate of Need Board. MCL 333.22121(3); MSA 14.15(22121)(3).

Affirmed.

---

[1] See 1986 MR 2, pp 106-112, Department of Public Health, Bureau of Health Facilities, Certificate of Need, Emergency Rules, effective February 5, 1986.