REHABILITATION INSTITUTE, INC v DEPARTMENT OF PUBLIC
HEALTH

Docket No. 101323. Submitted May 3, 1988, at Lansing. Decided
August 19, 1988. Leave to appeal applied for.

After conducting a concurrent comparative review, which en-
tailed review of applications for issuance of a certificate of need
to convert hospital beds to rehabilitation purposes by plaintiff
Providence Hospital and defendant Southfield Center, Inc.,
defendant Department of Public Health granted Providence's
application and denied Southfield's application. After further
administrative appeal proceedings and litigation in the Ingham
Circuit Court, the department reconsidered and decided that
concurrent comparative review was inappropriate, all previ-
ously approved applications, including that of Providence, re-
mained valid, and all disapproved applications would be recon-
sidered on an individual basis. Thereafter, a certificate of need
for rehabilitative services was issued to Southfield. Plaintiffs,
Rehabilitation Institute, Inc., and Providence Hospital, brought
an action in the Oakland Circuit Court against defendants,
Department of Public Health and Southfield Center, Inc., doing
business as Southfield Rehabilitation Center, alleging that vari-
ous irregularities in the issuance of the certificate of need to
Southfield require its invalidation. The circuit court, Robert C.
Anderson, J., granted defendants' motion for summary disposi-
tion on the ground that plaintiffs lacked standing to challenge
Southfield's certificate of need. Plaintiffs appealed.

The Court of Appeals held:

Plaintiffs did not have standing to challenge Southfield's
certificate of need awarded on a noncomparative basis. Only
Southfield and the health systems agency charged with review
responsibilities for a certificate of need application have stand-

REFERENCES

Am Jur 2d, Administrative Law §§ 575, 576.

Am Jur 2d, Parties §§ 30 et seq.

Validity and construction of statute requiring establishment of
"need" as precondition to operation of hospital or other facilities
for the care of sick people. 61 ALR3d 278.

ing to challenge the department's action concerning a certificate of need application by Southfield.

Affirmed.

HEALTH — DEPARTMENT OF PUBLIC HEALTH — CERTIFICATE OF NEED — APPEAL — STANDING.

Only the health care facility applying for a certificate of need and the health systems agency charged with review responsibilities for such applications have standing in circuit court to challenge action concerning the application taken by the Department of Public Health where such certificates are awarded on a non-comparative basis (MCL 333.22121[3], 333.22137[b], 333.22165; MSA 14.15[22121][3], 14.15[22137][b], 14.15[22165]).

*John B. Curcio,* for Rehabilitation Institute, Inc., and Providence Hospital.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Marvin L. Bromley,* Assistant Attorney General, for the Department of Public Health.

*Cook, Pringle & Goetz, P.C.* (by *Susan Olin Baldwin*), for Southfield Center, Inc.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and C. JOBES,* JJ.

PER CURIAM. This case arises from a dispute between competing health care providers over the allocation of hospital beds effected by defendant Department of Public Health through its issuance of certificates of need (CON). After conducting a concurrent comparative review, which entailed review of applications of both plaintiff Providence Hospital and defendant Southfield Center, Inc., defendant Department of Public Health granted Providence's application for a CON to convert fifteen beds to rehabilitation purposes, but denied

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Southfield's similar request for seventy-five beds. After further administrative appeal proceedings and litigation in the Ingham Circuit Court, the department reconsidered and decided: (1) that concurrent comparative review was inappropriate, (2) that all previously approved applications, including that of Providence, remained valid, and (3) that all disapproved applications would be reconsidered on an individual basis. Thereafter, a CON for seventy-five beds designated for rehabilitative services was issued to Southfield.

Plaintiffs filed a complaint in the Oakland Circuit Court alleging that various irregularities in the issuance of the CON to Southfield requires its invalidation. The circuit court granted summary disposition in favor of defendants on the ground that plaintiffs lacked standing. Whether plaintiffs have standing to challenge Southfield's CON is the sole question presented by this appeal. Since we agree with the circuit court's decision, we affirm.

The legislation providing for the CON procedure does not explicitly or implicitly confer standing to a health care facility seeking to invalidate the grant of a CON application to a competing facility. See MCL 333.22165; MSA 14.15(22165), MCL 333.22171; MSA 14.15(22171). In *Pontiac Osteopathic Hospital v Dep't of Public Health,* 157 Mich App 583; 403 NW2d 82 (1986), this Court was confronted with the same issue presented by this case. The plaintiff hospitals, after a denial of their applications for CONS, challenged a decision to award a CON to a competing health facility by instituting an action in circuit court, which was dismissed. This Court succinctly held:

> Plaintiffs' challenges to the department's issuance of a certificate of need to Clarkston [the competing health care facility] were properly dis-

missed. Only Clarkston and the Comprehensive
Health Planning Council [the health systems
agency charged with review responsibilities for a
CON application] have standing to challenge de-
partmental action concerning an application by
Clarkston. MCL 333.22121(3), 333.22137(b),
333.22165; MSA 14.15(22121)(3), 14.15(22137)(b),
14.15(22165). [*Id.*, pp 585-586.]

We agree with this holding and find it dispositive
of the standing question presented in the instant
case.

In passing, we note that plaintiffs' reliance on
*Huron Valley Hospital, Inc v State Health Facili-
ties Comm,* 110 Mich App 236; 312 NW2d 422
(1981), lv den 413 Mich 853 (1982), is misplaced.
The decision in *Huron Valley* does not address an
issue of standing. Unlike the instant case in which
all interested parties were awarded a CON on a
noncomparative basis, the equal protection and
due process claims in *Huron Valley* were premised
on an allegation that the denial of the applicant's
CON and the concomitant grant of a mutually
exclusive CON to a competing facility effectively
allocated scarce, limited rights to that facility at
the expense of the appealing applicant.

Affirmed.