MICHIGAN AFFILIATED HEALTHCARE SYSTEM, INC v
DEPARTMENT OF PUBLIC HEALTH

Docket No. 171103. Submitted November 16, 1994, at Lansing. Decided December 27, 1994; approved for publication April 19, 1995, at 9:05 A.M.

Michigan Affiliated Healthcare System, Inc., and others brought an action in the Ingham Circuit Court against the Department of Public Health, challenging the defendant's decision to grant a certificate of need to Edward W. Sparrow Hospital for cardiac catherization and open-heart surgical services. The court, Lawrence M. Glazer, J., dismissed the action, ruling that the plaintiffs lacked standing. The plaintiffs appealed.

The Court of Appeals *held:*

1. MCL 333.22231(9); MSA 14.15(22231)(9) provides that a final decision of the Director of the Department of Public Health granting or denying an application for a certificate of need may be appealed in the circuit court only by the applicant.

2. The plaintiffs have not challenged a direct expenditure of state funds and therefore cannot establish standing under a taxpayer's suit.

3. The plaintiffs lack standing under Const 1963, art 6, § 28, which allows appeals from administrative agencies as provided by law, because appeals in certificate-of-need cases are limited by statute to applicants for those certificates.

Affirmed.

HEALTH — DEPARTMENT OF PUBLIC HEALTH — CERTIFICATES OF NEED — APPEAL — STANDING.

An appeal in the circuit court from a grant or denial by the Director of the Department of Public Health of a certificate of need may be pursued only by the applicant (MCL 333.22231[9]; MSA 14.15[22231][9]).

*Fraser Trebilcock Davis & Foster, P.C.* (by *Rob-*

REFERENCES

Am Jur 2d, Administrative Law §§ 438-451.

See ALR Index under Administrative Law.

*ert W. Stocker, II,* and *Michael E. Cavanaugh*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *R. Philip Brown,* Assistant Attorney General, for the Department of Public Health.

*Foster, Swift, Collins & Smith, P.C.* (by *Brian A. Kaser*), for Edward W. Sparrow Hospital.

Before: WEAVER, P.J., and CORRIGAN and C. D. CORWIN,* JJ.

PER CURIAM. In this action contesting a decision of the Department of Public Health (DPH) in favor of intervening defendant Edward W. Sparrow Hospital (Sparrow), plaintiffs appeal as of right the dismissal of their complaint for lack of standing. We affirm.

In July 1992, Sparrow applied to the DPH for a certificate of need to begin providing cardiac catheterization and open-heart surgical services to its patients. Thereafter, a public-comment period and hearing were held. Plaintiffs did not participate in either administrative procedure. Initially, the DPH denied the application because Sparrow could not establish sufficient need for the certificate.[1] Sparrow appealed the decision in the circuit court. During the appellate proceedings, the DPH granted Sparrow's application pursuant to a settlement agreement.

Plaintiff Michigan Affiliated Healthcare System,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Sparrow was required to show, through its own data and data pledged from other hospitals, that it would perform two hundred procedures if given the certificate of need. After it submitted data demonstrating a need for two hundred procedures, several hospitals rescinded their pledges.

Inc., (MAHSI) owns and operates Ingham Medical Center (IMC), a competitor of Sparrow Hospital. Before Sparrow received its certificate of need for open-heart surgical procedures, IMC was the only health care facility in the Lansing area that performed such services. MAHSI and six individual plaintiffs, all residents of Ingham County, brought suit challenging the decision of the DPH to issue a certificate of need to Sparrow. The trial court dismissed plaintiffs' multicount complaint because only certificate applicants may appeal DPH final decisions concerning certificates of need.

Plaintiffs contend that the trial court erred in dismissing their complaint for lack of standing. We disagree. The Public Health Code, 1978 PA 368, originally conferred standing to appeal a decision of the DPH regarding the grant or denial of a certificate of need to the applicant or a health systems agency.[2]  MCL   333.22165;   MSA 14.15(22165). Under that version of the health code, this Court held that competitors of a hospital applying for a certificate of need do not have standing to challenge a decision of the DPH. *Rehabilitation Institute, Inc v Dep't of Public Health,* 173 Mich App 68, 70-71; 433 NW2d 818 (1988); *Pontiac Osteopathic Hosp v Dep't of Public Health,* 157 Mich App 583; 403 NW2d 82 (1986).

In  1988  PA  322,  the  Legislature  repealed § 22165  of  the  code  and  added  § 22231.  MCL 333.22231(9); MSA 14.15(22231)(9) provides as follows:

> The final decision of the director *may be appealed only by the applicant* and only on the record directly to the circuit court for the county where the applicant has its principal place of

---

[2] Health systems agencies were federally funded agencies that apparently no longer exist in Michigan.

business in this state or the circuit court for Ingham County. [Emphasis added.]

The new section differs from the original version only because health systems agencies no longer enjoy standing in certificate-of-need cases. The statute continues to exclude all others, including competing hospitals, from appealing DPH final decisions. The addition of § 22231, which excludes health systems agencies from having standing, does not mitigate the precedential value of *Rehabilitation Institute, supra,* or *Pontiac Osteopathic, supra.* Competitor hospitals, such as MAHSI, do not have standing to challenge a DPH decision in certificate cases. Moreover, individual plaintiffs and MAHSI cannot establish standing under a taxpayer's suit or Const 1963, art 6, § 28. Plaintiffs have not challenged a direct expenditure of state funds. *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978). Further, Const 1963, art 6, § 28 allows appeals from administrative decisions "as provided by law." Because the Legislature explicitly limited appellate rights to the applicants, plaintiffs' arguments necessarily fail.

In light of our resolution of the standing issue, we do not decide the balance of plaintiffs' claims.

Affirmed.