## WASHTENAW ABSTRACT COMPANY *v.* MAYER.

1. COUNTIES—BOARDS OF SUPERVISORS—POWERS—STATUTES.
    County boards of supervisors have only such powers as are pre-
    scribed by law (CL 1948, § 46.11, as amended by PA 1955, No
    108).

2. SAME—BOARDS OF SUPERVISORS—PROPERTY—BUSINESS CONCERNS
    —RULES AND REGULATIONS.
    General power has been conferred upon county boards of super-
    visors to sell or lease the county's real estate, to have the care
    and management of the property and business, and to es-
    tablish rules and regulations in reference to the management of
    the interest and business concerns of the counties (CL 1948,
    § 46.11, as amended by PA 1955, No 108).

3. SAME—BOARDS OF SUPERVISORS—APPORTIONMENT OF SPACE IN
    COUNTY BUILDINGS.
    Boards of supervisors, acting in good faith, may assign space in
    courthouses or county buildings to the respective county of-
    fices and departments and reapportion the same from time to
    time as conditions and circumstances may require (CL 1948,
    § 46.11, as amended by PA 1955, No 108).

4. SAME—BOARDS OF SUPERVISORS—PROPERTY—BUSINESS CONCERNS
    —STATUTES.
    The powers of the boards of supervisors over county property
    and business are conferred upon them for exercise by them
    except when otherwise provided by law (CL 1948, § 46.11, as
    amended by PA 1955, No 108).

5. REGISTERS OF DEEDS—COPYING RECORDS—PHOTOGRAPHY—BOARDS
    OF SUPERVISORS.
    Registers of deeds have conferred upon them by statute the duty
    of furnishing proper and reasonable facilities for the inspec-
    tion and examination of records and files in their offices and

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 14 Am Jur, Counties § 28.

of permitting the use of photography for making copies thereof and have the power of making rules and regulations with reference thereto, such powers and duties not being subject to the direction or control of the boards of supervisors (CL 1948, § 46.11, as amended by PA 1955, No 108; §§ 565.551, 750.492).

6. SAME—INSPECTION AND EXAMINATION OF RECORDS—ABSTRACTER.
   The statutory conferral of duty upon registers of deeds, not boards of supervisors, to furnish proper and reasonable facilities for inspection and examination of records and files and to make reasonable rules and regulations with reference to use thereof, does not give abstracters a vested or other right to permanently or exclusively occupy portions of the offices of the registers of deeds, even with the consent of the latter, for the purpose of copying records (CL 1948, §§ 565.551, 750.492).

7. SAME—INSPECTION AND EXAMINATION OF RECORDS—DISCRETION—
   ABSTRACTERS' EQUIPMENT.
   It is the function of registers of deeds, not subject to review by their boards of supervisors, but by the courts alone, to determine what are reasonable and proper facilities for inspecting and examining records and files in their offices and whether they include the privilege of keeping the abstracters' equipment in their offices while not actually in use for copying records and also to determine the reasonableness of rules and regulations with reference to the use of such facilities (CL 1948, §§ 565.551, 750.492).

8. COSTS—PUBLIC QUESTION—DISCRETION OF REGISTER OF DEEDS—
   —ABSTRACTERS' PHOTOSTAT MACHINE—COPYING RECORDS.
   No costs are allowed in suit to determine whether it was within the discretion of the register of deeds, acting reasonably and in good faith, to permit an abstracter to maintain its photostat machine in a portion of the office space assigned to the register of deeds for the purpose of copying records, without the consent of the board of supervisors, a public question being involved (CL 1948, § 46.11, as amended by PA 1955, No 108; §§ 565.551, 750.492).

Appeal from Washtenaw; Dehnke (Herman), J., presiding. Submitted October 11, 1956. (Docket No. 63, Calendar No. 46,939.) Decided December 6, 1956.

Bill by Washtenaw Abstract Company, a Michigan corporation, against Elmer R. Mayer, chairman of the County Board of Supervisors, County Board of Supervisors of Washtenaw County, and Patricia N. Hardy, Register of Deeds, to restrain removal from county office of photographic machine used to copy public records. Cross bill by Supervisors to enforce removal. Defendant Register of Deeds answered but did not contest. Decree for plaintiff. Defendants Mayer and Supervisors appeal. Affirmed.

*Burke, Burke & Ryan* (*Frank I. Kennedy* and *Alfred A. Sullivan,* of counsel), for plaintiff.

*Clan Crawford, Jr.,* Assistant Prosecuting Attorney, for defendants Mayer and Supervisors.

*Arthur C. Lehman,* for defendant Register of Deeds, asking affirmance.

DETHMERS, C. J. The briefs give 3 varying versions of the question involved on appeal. We think it most accurately stated by plaintiff, as follows:

"Is it within the discretion of the register of deeds, acting reasonably and in good faith, to permit the plaintiff to maintain its photostat machine in a portion of the office space assigned to the register of deeds for the purpose of copying records, without the consent of the board of supervisors?"

County boards of supervisors have only such powers as are prescribed by law. *Mason County Civic Research Council* v. *Mason County,* 343 Mich 313. CL 1948, § 46.11, as amended by PA 1955, No 108 (Stat Ann 1955 Cum Supp § 5.331), provides in part:

"The said several boards of supervisors shall have power and they are hereby authorized at any meeting thereof lawfully held:   *   *   *

"Fourth, To authorize the sale or leasing of any real estate belonging to such county, and to prescribe the mode in which any conveyance thereof be executed;   *   *   *

"Sixteenth, To represent their respective counties and to have the care and management of the property and business of the county in all cases where no other provision shall be made;

"Seventeenth, To establish such rules and regulations in reference to the management of the interest and business concerns of such county, and in reference to the mode of proceeding before such board, as they shall deem necessary and proper in all matters not especially provided for in this act or in some law of this State."

CL 1948, § 565.551 (Stat Ann § 26.791), provides:

"Sec. 1. That the registers of deeds in this State shall furnish proper and reasonable facilities for the inspection and examination of the records and files in their respective offices, and for making memorandums or transcripts therefrom during the usual business hours, to all persons having occasion to make examination of them for any lawful purpose: Provided, That the custodian of said records and files may make such reasonable rules and regulations with reference to the inspection and examination of them as shall be necessary for the protection of said records and files, and to prevent the interference with the regular discharge of the duties of said register: And provided further, That said register of deeds may prohibit the use of pen and ink in making copies or notes of records and files, but shall permit the use of photography for making copies of records and files."

CL 1948, § 750.492 (Stat Ann 1954 Rev § 28.760), provides:

· "Sec. 492. Inspection and use of public records—Any officer having the custody of any county, city or township records in this State who shall when requested fail or neglect to furnish proper and reasonable facilities for the inspection and examination of the records and files in his office and for making memoranda of transcripts therefrom during the usual business hours, which shall not be less than 4 hours per day, to any person having occasion to make examination of them for any lawful purpose shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than 1 year, or by a fine of not more than 500 dollars: Provided, That the custodian of said records and files may make such reasonable rules and regulations with reference to the inspection and examination of them as shall be necessary for the protection of said records and files, and to prevent interference with the regular discharge of the duties of such officer: Provided further, That such officer shall prohibit the use of pen and ink in making copies or notes of records and files in his office: Provided further, That no books, records and files shall be removed from the office of the custodian thereof for any purposes whatever, except by the order of the judge of any court of competent jurisdiction, or in response to a *subpoena duces tecum* issued therefrom."

Under the first above statutory provisions the general power undoubtedly has been conferred upon county boards of supervisors to sell or lease the real estate, to have the care and management of the property and business, and to establish rules and regulations in reference to the management of the interest and business concerns of the counties. It is competent for the boards, acting in good faith, to assign space in courthouses or county buildings to the respective county offices and departments and to reapportion the same from time to time as

conditions and circumstances may require. It is to be noted that powers over county property and business are conferred upon the boards of supervisors to be exercised by them, except when otherwise expressly provided by law. With respect to the duty of furnishing proper and reasonable facilities for the inspection and examination of records and files in the offices of registers of deeds and permitting the use of photography for making copies thereof and to the right to make reasonable rules and regulations with reference thereto, the law does otherwise expressly provide. CL 1948, § 565.551 (Stat Ann § 26.791) imposes and confers those duties and rights upon the registers of deeds. In their performance and exercise thereof they are not made subject by statute to the direction or control of the boards of supervisors.

In holding, as we do, that it is upon the registers of deeds and not the boards of supervisors that the duty rests to furnish proper and reasonable facilities and the right is conferred to make reasonable rules and regulations with reference to the use thereof, we in nowise hold that abstracters do or may acquire a vested or other right to permanently or exclusively occupy portions of the offices of the registers of deeds, even with the consent of the latter, for the purpose of copying records. We do hold that it is the function of the registers of deeds, under their noted statutory duties and powers to assign reasonable and proper facilities and space in their offices from time to time for use by abstracters while copying records of the office and to make reasonable rules and regulations with reference thereto, to determine, in the first instance, what are reasonable and proper facilities, whether they include the privilege of keeping the abstracters' equipment in the register of deeds' office while not actually in use for copying records, and also to determine the

reasonableness of rules and regulations with reference to the use of such facilities; and, further, that such determinations of reasonableness by the registers of deeds are not subject to review by the boards of supervisors but by the courts alone.

Decree below being in conformity herewith, it is affirmed, without costs, a public question being involved.

SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

BOYLES, J., did not sit.