HILL & VALLEY LAND CORPORATION *v.* GENESEE COUNTY BOARD OF ROAD COMMISSIONERS

1. MANDAMUS—CLEAR DUTY.

Mandamus will not issue unless plaintiff can show he has a clear legal right to performance of a specific duty by a defendant and that defendant has a clear legal duty to act in the manner requested.

2. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.

Summary judgment may be granted only when there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

3. MANDAMUS—SUMMARY JUDGMENT—ISSUE OF FACT.

A *mandamus* ordering a county board of road commissioners to return certain monies held to secure completion of road improvements by a land subdivider and to accept an irrevocable letter of credit instead, after the subdivider had once defaulted on its contract to complete the improvements and the board had cashed its original letter of credit, could issue only if the board was acting arbitrarily and capriciously and illegally under the circumstances, a question of fact which could not be determined on a motion for summary judgment based solely on the complaint.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 October 8, 1970, at Lansing. (Docket No. 7682.) Decided January 19, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus §§ 34, 35, 40, 64, 72, 73.
[2, 3] 52 Am Jur 2d, Mandamus § 470.

Complaint for *mandamus* by Hill & Valley Land Corporation against the Genesee County Board of Road Commissioners to compel the board to return monies in return for an irrevocable letter of credit, for incidental damages, and to vacate a street. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Neithercut & Neithercut* (by *Robert L. Shegos*), for defendant.

Before: LEVIN, P. J., and T. M. BURNS and J. E. HUGHES,* JJ.

J. E. HUGHES, J. Hill and Valley Land Corporation is the owner and proprietor of the subdivision known as River Forest No. 2, a recorded plat in Genesee County, Michigan.

On March 21, 1968, pursuant to the provisions of the Michigan Subdivision Control Act of 1967[1] plaintiff entered into an agreement with the Board of County Road Commissioners relating to the completion of certain road improvements and the recording of the proposed plat. Incident to the execution of the agreement plaintiff gave to the board an irrevocable letter of credit in the amount of $100,000 to insure completion of the work according to specifications.

Upon the plaintiff's failure to complete the work as agreed, the board presented the letter of credit to the bank and received the sum of $100,000 in exchange therefor.

Thereafter plaintiff petitioned the board to vacate and abandon a portion of the streets on which work

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 560.183 (Stat Ann 1970 Rev § 26.430[183]).

had not started as of September 15, 1968.  The board vacated those streets and retained the sum of $50,000, but returned the other $50,000.

Plaintiff later petitioned the board to vacate most of the remaining streets in the recorded plat.  The board advised plaintiff that the streets could not be abandoned until the status of a storm sewer system was resolved and until a connector street was constructed as a substitute for the streets to be abandoned.

Plaintiff then commenced this action for a writ of *mandamus* to compel the board to return the sum of $50,000 in return for a second irrevocable letter of credit and requiring it to vacate another street which had not yet been put in.  Plaintiff also sought damages for the board's refusal to accept the second letter.

The court, upon plaintiff's motion (apparently in the nature of a motion for summary judgment, unsupported by either affidavits or proofs), ordered defendant to refund the $50,000 cash deposit in exchange for a letter of credit in that amount.[2]  Defendant appeals as of right from this order.

We do not pass on whether or not this may be or may not be an appeal from an interlocutory order and therefore perhaps should have reached our Court by leave to appeal.  Suffice it to say that there has been no motion to dismiss (GCR 1963, 817.5[2]) filed by the appellee in this respect nor was a brief filed or argument made by its counsel in this Court.  Further, it appears to us that Judge Freeman's order gave substantially all, if not ac-

---

[2] The order reads as follows:

"It is hereby ordered and adjudged that the defendant Board of County Road Commissioners of the County of Genesee, Michigan, shall, upon receipt of an irrevocable letter of credit in the amount of $50,000, return to plaintiff the sum of $50,000 which it is presently holding.  Said letter of credit shall remain irrevocable until further order of this court."

tually all, of the relief really sought by Hill and Valley.

As to the merits of the case, first a review of the plaintiff's complaint reveals that this is a *mandamus* action brought against the board seeking an order requiring them to give the plaintiff back its $50,000 in return for a second irrevocable letter of credit in that amount and also requiring the defendant to vacate certain streets. As to the latter, we are referred to the general highway law.[3] In both cases, the plaintiff's claim for relief is based on a theory of arbitrary, illegal, and capricious action or inaction of the board, which is denied in pleadings and by affidavit filed prior to the hearing on plaintiff's motion. It should be further noted that no counter-affidavit was filed by the plaintiff, who, judging from the record before us, relied solely on its complaint.

In order to be entitled to a writ of *mandamus*, it is necessary that a plaintiff must show that he has a clear legal right to the performance of a specific duty by a defendant, and that the defendant has a clear legal duty to act in the manner requested. *Mardiros* v. *Secretary of State* (1968), 11 Mich App 541; *Pillon* v. *Attorney General* (1956), 345 Mich 536. Therefore, there is at least a question as to whether or not *mandamus* is the proper remedy in this particular case. However, this is certainly not of any great moment in that the Revised Judicature Act of 1961 and our court rules concern themselves with "substance" and not "labels". In any case, it is not necessary that we deal with that problem at this stage of these proceedings.

A summary judgment may be granted only when there is no genuine issue as to any material fact. GCR 1963, 117.2(3).

---

[3] MCLA § 224.18 (Stat Ann 1958 Rev § 9.118).

In this case, there is clearly presented the fact question as to whether or not the defendant was acting "arbitrarily and capriciously and illegally" under the instant circumstances.   Even assuming that the Subdivision Control Act of 1967 permits or requires that under certain circumstances a party who has once defaulted on a contract backed by a letter of credit may, in effect, "redeem" funds which have been taken possession of by a road commission by filing a second irrevocable letter of credit on which we intimate no opinion, such action could only be ordered by a trial judge when the road commission is clearly acting arbitrarily and capriciously. This is *per se,* in a situation such as this, a fact question and the facts at this stage of the proceedings being clearly in dispute, the issue must be tried and determined.

Reversed and remanded for proceedings not inconsistent with this opinion.

No costs, neither party having prevailed in full. All concurred.