BURTON ABSTRACT & TITLE COMPANY *v* MARTIN

1. OFFICERS—INJUNCTION—LEGAL DUTY.

A plaintiff seeking an injunction against a public officer must show that the officer has a clear legal duty to act in the manner requested by plaintiff and that plaintiff has a clear legal right to the performance of that specific duty.

2. REGISTERS OF DEEDS—RECORDS—PHOTOCOPYING—FEES.

Statute requiring registers of deeds to make available all of their records and files for public inspection and copying does not require the registers to charge or to refrain from charging a fee for such purposes (MCLA 565.551).

3. REGISTERS OF DEEDS—RECORDS—PHOTOCOPYING—FEES.

Plaintiff abstracting company was not entitled to an injunction prohibiting a register of deeds from allowing plaintiff's competitors to photocopy the county's records without paying the same per page fee which plaintiff had been required to pay for several years, where, three years before plaintiff's competitor began photocopying, the register's regulations were changed to a no fee basis, because a register of deeds had no clear legal duty to collect fees for the photocopying of records and files in his office.

Appeal from Cheboygan, Philip J. Glennie, J. Submitted Division 3 January 5, 1972, at Grand Rapids. (Docket No. 10811.) Decided January 25, 1972.

Complaint by Burton Abstract & Title Co. against Thomas Martin, Glenn Fisher, Mark Larwood Com-

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Injunctions §§ 175–185.
[2, 3] 45 Am Jur, Records and Recording Laws §§ 17, 174–178.

pany, Cheboygan Abstract Co., Inc., Peter Patrick, Harold A. Johnson, Jr., Nonness V. Voisin, and Cheboygan State Bank, for an injunction to enjoin defendants from photocopying records of the register of deeds without payment of fees. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Oliver, Dinan & Schenden,* for plaintiff.

*Clark, Stroup, Brown & MacKenzie,* for defendants Cheboygan Abstract Co., Inc., Mark Larwood Co., Patrick, Johnson, and Voisin.

*Jerry L. Sumpter,* for defendants Martin and Fisher.

Before: FITZGERALD, P. J., and R. B. BURNS and TARGONSKI,* JJ.

PER CURIAM. This appeal challenges the granting of a summary judgment to defendants. GCR 1963, 117.2(3).

The parties are competitive abstractors in Cheboygan County, Michigan. From 1953 through October 1967, plaintiff alleges they paid a per-page copy fee to the Register of Deeds. Plaintiff claims the county realized a profit in excess of $6,000. In October 1967, pursuant to an agreement with defendant Register of Deeds, plaintiff discontinued using county help and materials and moved in their own equipment and employees. The regulations at this time were changed from a fee to a no-fee basis.

On September 21, 1970, the Register of Deeds allowed defendants Mark Larwood Company to com-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

mence photocopying all of the old records without charge. On August 12, 1971, defendant Cheboygan Abstract Company was incorporated for the purpose of abstracting. Defendants supplied the camera, paper, and help to complete the work.

Plaintiff maintains that this procedure constituted a jury question as to whether there was a breach of duty. Denial of equal protection to plaintiff in an identical business and to the taxpayers because of unfair benefits and burdens resulting from the no-fee copying are, according to plaintiff, questions of fact for jury consideration. The relief prayed for in the complaint was for an injunction until defendants shall pay the county a reasonable price for the records, at least commensurate with that paid by the plaintiff for the same records.

On appeal from the summary judgment in favor of defendants, plaintiff contends that questions of fact were presented requiring jury deliberation and decision and that a claim for relief was stated.

In order to prevail, it is necessary that plaintiff show that the defendant Register of Deeds has a clear legal duty to act in the manner requested and that plaintiff has a clear legal right to the performance of the specific duty. *Pillon* v *Attorney General,* 345 Mich 536 (1956); *Mardiros* v *Secretary of State,* 11 Mich App 541 (1968); *Hill & Valley Land Corp* v *Genesee County Board of Road Commissioners,* 29 Mich App 505 (1971); *Locke* v *Macomb County,* 31 Mich App 22 (1971).

The duty sought to be enforced by this action was not created by law. Plaintiff admits that MCLA 565.551; MSA 26.791, makes no mention of fees. It is then argued that the absence of specific authority to charge a fee is not conclusive for the proposition that no fee may be charged. The underlined word

indicates discretion. The statute does not say that a fee cannot be charged nor does it make the charging of one mandatory. There is no clear legal duty to collect fees nor does plaintiff have a clear legal right to such performance.

We conclude that plaintiff's failure to establish and prove this basic contention leads to affirmance of the trial court. Plaintiff did fail to state a claim upon which relief could be granted. GCR 1963, 117.2(1). No genuine issue as to any material fact was presented. GCR 1963, 117.2(3).

Summary judgment for defendants affirmed. Costs to appellees.