DOWNRIVER NURSING ASSOCIATES v DEPARTMENT OF
PUBLIC HEALTH

Docket No. 124609. Submitted October 14, 1991, at Lansing. Decided
April 7, 1992, at 9:25 A.M.

Downriver Nursing Associates and others brought an action in
the Ingham Circuit Court against the Michigan Department of
Public Health, alleging in part that the department had unlaw-
fully taken private property, had abused its administrative
discretion, and should be estopped from denying their request
for an amendment of a certificate of need, authorizing the
construction of a nursing home within the City of Dearborn, to
permit building a nursing home outside Dearborn. The court,
Thomas L. Brown, J., granted summary disposition for the
department, and the plaintiffs appealed.

The Court of Appeals *held:*

1. A property interest was bestowed on the plaintiffs upon
the issuance of a certificate of need by the certificate of need
board. The department did not destroy the value of the certifi-
cate arbitrarily or without due process in denying an amend-
ment inasmuch as the certificate, as issued by the board, did
not provide plaintiffs with a property interest in any construc-
tion project outside the City of Dearborn and the department
took no actions that prevented the plaintiffs from using the
certificate for construction within Dearborn.

2. Under MCL 333.22123(2); MSA 14.15(22123)(2) and 1986
AACS, R 325.9413(1), the department had the authority to
modify the certificate and to determine whether further review
was necessitated by the proposed modification. The department
did not abuse its discretion in denying an amendment of the
certificate or in determining that further review was inappro-
priate under the circumstances.

3. The plaintiffs' estoppel claim is without merit. The depart-
ment made no representations justifying a belief that it would
modify the certificate as requested by the plaintiffs.

Affirmed.

REFERENCES

Am Jur 2d, Constitutional Law §§ 580 *et seq.*; Health §§ 1 *et seq.*
See the Index to Annotations under Due Process; Health.

1. HEALTH — CERTIFICATES OF NEED — DUE PROCESS.

A certificate of need authorizing the construction of a health care facility, upon issuance by the Department of Public Health or the certificate of need board, bestows a property interest on its holder that may not be taken away by subsequent governmental action without due process of law.

2. HEALTH — CERTIFICATES OF NEED — MODIFICATIONS — DEPARTMENT OF PUBLIC HEALTH.

The Department of Public Health, subject to statutory restrictions, may modify a certificate of need issued by the certificate of need board for the construction of a health care facility and determine whether further review is necessitated by the proposed modification (MCL 333.22123[2]; MSA 14.15[22123][2]; 1986 AACS, R 325.9413[1]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Peter H. Ellsworth* and *Michael S. Ashton*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Ronald J. Styka,* Assistant Attorney General, for the defendant.

Before: REILLY, P.J., and WEAVER and McDONALD, JJ.

PER CURIAM. Plaintiffs appeal as of right from opinions and orders dated November 20 and December 12, 1989, granting summary disposition for defendant, the Michigan Department of Public Health (MDPH), of plaintiffs' suit stemming from their attempts to obtain from defendant a certificate of need to build a licensed nursing home. We affirm.

Plaintiffs, a partnership and its two general partners, applied to defendant for a certificate of need (CON) in order to construct a nursing home in "a health planning subarea then known as Subarea 68." Several applications, including theirs, were considered in a "comparative review." The

MDPH denied all the applications because more beds were no longer needed in that subarea.

Plaintiffs and the other applicants appealed to the Certificate of Need Board, a statutory agency charged with hearing such appeals. The CON board heard all four appeals in a consolidated hearing, pursuant to the contested case provisions of the Administrative Procedures Act (APA). All four denials were reversed.

The hearing officer's opinion found the comparative review process invalid because it was not "rule based as by statute (see MCL 333.22123(2) [MSA 14.15(22123)(2)] and the cited provisions of the APA) it was required to be." The opinion applied to the process in effect before February 5, 1985.

The CON board affirmed the hearing officer's opinion and ordered that "a certificate of need is granted on each of the four applications named above and which are specifically attached hereto, and that are made a part of this order." The relevant project description states that the "facility would be located on approximately 7.2 acres to be purchased from the City of Dearborn."

When plaintiffs' application was first filed in 1984, they possessed an option on a parcel of real estate in the City of Dearborn, which was to be the site of the nursing home. By the time the appeals were finally resolved in April 1988, the option had expired, and the land was no longer available.

The MDPH denied plaintiffs' requests that they be allowed to build on another site within the same subarea but outside the Dearborn city limits. In refusing the plaintffs' request, the MDPH stated that although the subarea had an excess of beds, the City of Dearborn had a need for more. The MDPH also determined that because the CON board, and not the MDPH, issued the certificate for a

specific site, it would be "inappropriate" for the MDPH to amend it.

Certificates of need are issued for one year and may be extended for six months. If the holder has not entered into a construction contract by that time, the CON expires automatically. 1986 AACS, R 325.9403. Plaintiffs were advised by the MDPH in February 1989 that their CON would expire on March 25, 1989. The expiration date was later changed to April 28, 1989. On March 16, 1989, plaintiffs filed requests for hearings with the MDPH and the CON board.

Plaintiffs filed their complaint on April 28, 1989, alleging unlawful taking of property, unconstitutional denial of the right to a hearing, abuse of administrative discretion, and estoppel.

Defendant admitted it had not responded to the request for a hearing, because there is no provision for such a hearing or a requirement that the MDPH respond to such a request. Additionally, a CON board member notified plaintiffs' attorney that, because the board had already granted the relief they sought, a new hearing could not be scheduled, "unless you file some type of motion or petition requesting [the CON board] to issue an order to schedule the type of administrative hearing that you are seeking."

The MDPH moved for summary disposition under MCR 2.116(C)(4), (7), (8), and (10). Plaintiffs responded and requested summary disposition in their favor under MCR 2.116(I)(2).

In its first opinion and order, the court denied plaintiffs' request for judgment and granted the MDPH's motion for summary disposition. The court found the MDPH did not arbitrarily or capriciously abuse its power and that, because plaintiffs were awaiting a requested hearing before the CON

board, they had failed to exhaust their administrative remedies.

The CON board thereafter held a meeting, prompting the filing by plaintiffs of a motion for reconsideration by the trial court. At the meeting, the CON board's counsel had advised the board that it lacked jurisdiction to grant the request for the hearing, to extend the CON, or to consider changing the location of the proposed facility. The board, on this advice, had denied the request for a hearing.

The trial court issued a second opinion and order, implicitly abandoning its earlier ruling regarding the exhaustion of administrative remedies. The court, in denying plaintiffs' motion, noted briefly that the MDPH was authorized to promulgate rules pertaining to the extension of CONs, that it had followed its rules, and that plaintiffs' certificate had been extended the full six months beyond the first year.

Plaintiffs now appeal, contending the trial court erred in granting summary disposition in favor of the MDPH. Plaintiffs claim the trial court misconstrued the nature of their complaint and thus failed to address several pertinent issues. We agree that the trial court appears to have mischaracterized plaintiffs' complaint, but nonetheless affirm, because we find the trial court reached the right result. *Portice v Otsego Co Sheriff's Dep't,* 169 Mich App 563; 426 NW2d 706 (1988).

In short, plaintiffs argue that the MDPH abused its discretion in refusing to modify the certificate issued by the CON board so as to allow for the development of a site outside the City of Dearborn and that this refusal, without the benefit of a hearing, violated due process because it constituted a "taking" of plaintiffs' property rights.

Although there is no Michigan case addressing

the precise issue, we find persuasive plaintiffs' position that once the CON board issued plaintiffs the certificate, they possessed a tangible property interest. In support of their argument, plaintiffs cite *Bundo v Walled Lake,* 395 Mich 679; 238 NW2d 154 (1976), and *Bisco's, Inc v Liquor Control Comm,* 395 Mich 706; 238 NW2d 166 (1976), which held that the holder of a state-issued liquor license has a property interest in its renewal and that renewal may not be arbitrarily denied without due process of law. In *Huron Valley Hosp, Inc v City of Pontiac,* 612 F Supp 654 (ED Mich, 1985), aff'd in part and app dis in part 792 F2d 563 (CA 6, 1986), the plaintiff corporation sought a CON to build a hospital, which was denied. The plaintiff sued, alleging various claims, including one under 42 USC 1983 against individual government employees. The defendants moved to dismiss the § 1983 claim on the ground that "plaintiff had no protectible property interest in a certificate of need." The federal district court, in one of several opinions, cited *Bundo, supra,* and held the plaintiff had a sufficient property interest to survive summary disposition and had raised a factual issue with respect to its due process claim. 612 F Supp 661.

Additionally, plaintiffs cite *Gulf Court Nursing Center v Dep't of Health & Rehabilitative Services,* 483 So 2d 700, 708 (Fla App, 1985). In that case, the court upheld a requirement for comparative review of two applicants for CONs, stating: "It is well known that a certificate of need for future hospital beds, once granted, becomes a very valuable property interest, often worth millions of dollars."

We agree that, once granted, an issued CON conveys a property interest on its holder. Thus, the question for purposes of this appeal becomes whether this property right issued to plaintiffs was

"taken" by the MDPH. Or more specifically, whether any action taken by the MDPH destroyed the value of the CON arbitrarily or without due process and so denied plaintiffs the benefit of the certificate. *Bott v Natural Resources Comm,* 415 Mich 45, 81, n 43; 327 NW2d 838 (1982). We find that plaintiffs' property rights were not violated by the MDPH.

The certificate issued by the CON board specifically identified the City of Dearborn as the site for plaintiffs' proposed nursing home pursuant to their application. Nonetheless, plaintiffs argue there was no requirement that applications for CONs mention a particular location within the subarea and that their mention of Dearborn in the project description was inadvertent or irrelevant. We disagree. Before amendment and at the time relevant herein, MCL 333.22113; MSA 14.15(22113) required a builder of a nursing home to obtain a CON "which documents a demonstrated need and grants permission for the proposed project." MCL 333.22131(1); MSA 14.15(22131)(1) provided criteria to be employed when reviewing applications for CONs. Subsection j stated: "The degree to which the residents and physicians *of the immediate community and region affected* are provided access to the services and programs of the health facility applying for the certificate of need." (Emphasis added.) It is clear from this section that which particular community within an "area" (as used in other parts of the statute) is affected is a relevant consideration. MCL 333.22136; MSA 14.15(22136) required that the applicant address *each* of the factors listed in MCL 333.22131(1); MSA 14.15(22131)(1).

The MDPH's continued refusal to allow plaintiffs to relocate outside the City of Dearborn, therefore, did not in any way deprive plaintiffs of the use of

their property interest. The CON, as issued, did not provide plaintiffs a property interest in any project outside the City of Dearborn. The MDPH took no actions that prevented plaintiffs from utilizing the CON as issued for construction within the City of Dearborn.

Plaintiffs also claim the MDPH abused its discretion in failing to amend the CON. As previously noted, the MDPH declined to amend the CON to allow building in other areas because (1) although Dearborn might need more beds, the other areas did not, and (2) the MDPH lacked authority to amend a CON issued by the board.

MCL 333.22165; MSA 14.15(22165) provided:

> If an applicant for a certificate of need is aggrieved by the decision of the department or if the recommendation of the health systems agency is not accepted, the applicant or the health systems agency may request a hearing to be conducted pursuant to the administrative procedures act of 1969 by the appeals authority created pursuant to section 22121(2) [the board]. *The decision of the appeals authority to issue or deny a certificate of need shall be final and is binding on the department.* [Emphasis added.]

The question left unanswered by this section is whether this language means that all the specific terms of the CON are binding on the MDPH, as opposed to only its issuance or denial.

MCL 333.22123(2); MSA 14.15(22123)(2) provided that the MDPH "shall promulgate rules necessary to implement this part. The rules may include . . . (d) The duration, *modification,* and extension of certificates issued under this part." (Emphasis added.) Such rules were promulgated, including 1986 AACS, R 325.9413(1), which addressed the amendment of certificates:

An applicant may make a written request to the department for an amendment to a certificate of need. After consultation with the appropriate health systems agency, *a determination shall be made by the department whether the amendment does or does not require another review.* A certificate of need issued after a concurrent comparative review shall not be amended to increase the scope of the project. Unless waived by the department, amendments to a certificate of need shall be subject to the same conditions and stipulations imposed on the original certificate. [Emphasis added.]

This rule does not distinguish between certificates issued by the CON board and by the MDPH. Therefore, we believe plaintiffs are correct in asserting the MDPH had the authority to modify the CON. We do not find the MDPH's argument, that it cannot modify any certificates issued by the CON board, persuasive, although certain modifications (such as to extend the scope of the project) cannot be made. MCL 333.22123(2); MSA 14.15(22123)(2) clearly envisions some modifications by the MDPH.

Furthermore, the MDPH was within the law in determining without a hearing that another review of the CON was inappropriate. 1986 AACS, R 325.9413(1). Plaintiffs could not have had a reasonable expectation that they could build a nursing home outside the limits of the CON that they obtained. The cases cited by plaintiffs regarding the "contested case" provisions and requirements of the APA are inapplicable, as is the federal statute requiring an appeal process before the "withdraw[al]" of a CON. The MDPH did not withdraw the CON, but enforced it according to its terms. We do not find the MDPH's refusal to modify the CON under the circumstances presented herein an abuse of discretion.

Lastly, we find plaintiffs' estoppel claim to be

without merit. The MDPH correctly argues that it has made no representations or admissions of facts justifying a belief that it would modify locations in CONS issued by the board. It has not been silent in the face of questions regarding whether it would do so, nor has it hidden any facts from plaintiffs. *Schmude Oil Co v Omar Operating Co,* 184 Mich App 574; 458 NW2d 659 (1990).

Affirmed.