## TUSCOLA COUNTY ABSTRACT COMPANY, INC v TUSCOLA COUNTY REGISTER OF DEEDS

Docket No. 145006. Submitted April 7, 1994, at Lansing. Decided August 16, 1994, at 9:20 A.M.

Tuscola County Abstract Company, Inc., brought an action in the Tuscola Circuit Court against the Tuscola County Register of Deeds, Virginia McLaren, seeking a writ of mandamus requiring the defendant to provide it with sufficient space to maintain a photocopy machine in the defendant's office. Following an evidentiary hearing, the court, M. Richard Knoblock, J., ruled that the defendant's practice of providing copies of documents for a fee of $1 a page had not fulfilled her statutory obligation to provide reasonable access to her office, that the plaintiff should be allowed to maintain a copy machine at the defendant's office for which it would pay the defendant a fee of $25 a week, and that the defendant should reimburse the plaintiff for past copy costs. The defendant appealed.

The Court of Appeals *held:*

1. Mandamus is an extraordinary remedy that is appropriate only where a public official has a clear legal duty to perform an act that is ministerial and involves no exercise of discretion or judgment. By statute, MCL 565.551; MSA 26.791, a register of deeds is required to furnish proper and reasonable facilities for the inspection and examination of records and files to all persons having an occasion to make examination for a lawful purpose. However, the statute vests in a register of deeds the discretion either to permit individuals to produce their own photocopies on equipment supplied by the register of deeds or by the individual seeking copies or to produce photocopies for such individuals at a fee as provided by law or, if no fees is provided by law, for a fee that does not exceed the reasonable costs to the register of deeds. Because the manner in which photocopies will be made available to the public is at the discretion of the register of deeds, the defendant had no clear

REFERENCES

Am Jur 2d, Mandamus §§ 204, 205; Records and Recording Laws §§ 13, 14.

See ALR Index under Records and Recording.

legal duty to permit the plaintiff to place its photocopier in the defendant's office. Thus, the order of mandamus was not appropriate.

2. The Revised Judicature Act clearly provides that a register of deeds is entitled to charge $1 a page for copies that are supplied. Because the Legislature has authorized the fee that may be charged by the defendant, the trial court was without authority to determine that a fee in the statutory amount was unreasonable because of the volume of copies requested by the plaintiff.

Reversed and remanded.

1. REGISTERS OF DEEDS — RECORDS — PHOTOCOPIES — MANDAMUS.

Registers of deeds have the discretion to permit parties seeking copies of records maintained in the office of the register of deeds to make their own copies of the records or, in the alternative, to supply those copies for those parties for a fee; because the choice of the manner in which the copies are supplied is left to the discretion of the register of deeds, mandamus does not lie to require a register of deeds to permit a party to make its own copies (MCL 565.551; MSA 26.791).

2. REGISTERS OF DEEDS — RECORDS — PHOTOCOPIES — FEES.

Registers of deeds may charge a fee of $1 a page for copies of documents produced for parties requesting such copies; a court lacks authority to create an exception to that legislatively authorized fee (MCL 565.551, 600.2567[1][b]; MSA 26.791, 27A.2567[1][b]).

*Ransford & Crews, P.C.* (by *Gary J. Crews*), for the plaintiff.

*Cohl, Stoker & Toskey, P.C.* (by *Bonnie G. Toskey* and *David M. Foy*), for the defendant.

Before: WAHLS, P.J., and MACKENZIE and K. B. GLASER,* JJ.

PER CURIAM. Defendant, the Tuscola County Register of Deeds, Virginia McLaren, appeals as of right from the order of mandamus requiring her to provide plaintiff with sufficient space to maintain a photocopy machine in her office. We reverse.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff placed a copy machine in a back room of defendant's office in 1974. In 1985, defendant obtained a copy machine and subsequently moved plaintiff's machine to another area. The machine was then placed in the lobby to avoid congestion. In 1990, plaintiff refused defendant's requests to pay $600 a month, and a few months later $300 a month, for the space its machine was occupying. After defendant unplugged the machine, plaintiff began purchasing copies of documents for a fee of $1 a page.

Plaintiff filed a complaint for mandamus, seeking an order to maintain its copy machine in defendant's office. An evidentiary hearing was held at which representatives from other abstract or title insurance companies and from other registers of deeds testified regarding the fees and practice throughout the state. The court ruled that defendant had not fulfilled her statutory obligation to provide reasonable access to her office. The court subsequently ordered that plaintiff's copy machine would remain at defendant's office and that plaintiff would pay $25 a week. The court also ordered defendant to reimburse plaintiff for past copy costs.

Defendant first contends that the court abused its discretion in granting plaintiff's request for mandamus and ordering it to provide sufficient space for plaintiff's copy machine. We agree.

Mandamus is an extraordinary remedy and is appropriate only when there is no other remedy, legal or equitable, that might achieve the same result. *Delly v Bureau of State Lottery,* 183 Mich App 258, 260; 454 NW2d 141 (1990). Issuance of a writ of mandamus is proper where (1) the plaintiff has a clear legal right to performance of the specific duty sought to be compelled, (2) the defendant has the clear legal duty to perform such act,

and (3) the act is ministerial, involving no exercise of discretion or judgment. *Id.* Mandamus will not lie to review or control the exercise of discretion vested in a public official or administrative body. *Teasel v Dep't of Mental Health,* 419 Mich 390, 410; 355 NW2d 75 (1984).

MCL 565.551; MSA 26.791 requires registers of deeds to furnish proper and reasonable facilities for the inspection and examination of the records and files in the registers' offices to all persons having occasion to make examination of them for any lawful purpose. The registers of deeds may establish reasonable rules and regulations regarding the inspection and examination of the records as shall be necessary to protect the records and files and to prevent interference with the regular discharge of duties. The Legislature has recently amended MCL 565.551; MSA 26.791 by the enactment of 1994 PA 51 to provide, in relevant part:

> (2) If an individual requests a reproduction of a record or file of a register of deeds, the register of deeds shall do 1 of the following, *at the register of deeds' option*:
> (a) Reproduce the record or file for the individual . . . using a medium selected by the register of deeds. *Unless a different fee is provided for by law,* the fee for a reproduction under this subdivision other than a paper copy shall not exceed the reasonable costs to the register of deeds.
> (b) Provide equipment for the individual to reproduce the record or file . . . using a medium selected by the register of deeds. *Unless a different fee is provided for by law,* the fee for a reproduction under this subdivision other than a paper copy shall not exceed the reasonable costs to the register of deeds.
> (c) Authorize the individual to reproduce the record or file on the premises using equipment provided by that individual. This subdivision does

not apply unless the individual requests authorization to reproduce the record or file using equipment provided by that individual. [Emphasis added.]

We find that the trial court abused its discretion in granting a writ of mandamus. Under MCL 565.551; MSA 26.791, both before and after its recent amendment, the registers of deeds in this state have considerable discretion in providing reasonable access and facilities for inspection and examination of records. The Supreme Court clearly recognized this discretion in *Washtenaw Abstract Co v Mayer,* 347 Mich 228, 233; 79 NW2d 480 (1956), in which it held that the county board of commissioners could not remove a photocopy machine that had been placed in the office of the register of deeds by an abstracter with the register's permission. Further, the amendment clearly provides that a register of deeds, at the register's option, may allow a copy machine to be placed at the office or may charge a fee for copies of documents that are produced for the party requesting copies. Therefore, mandamus was inappropriate, because defendant's actions involved the exercise of discretion vested in a public official.

Additionally, mandamus was improper because plaintiff does not have a clear legal right to maintain the copy machine at defendant's office, nor does defendant have a clear legal duty to provide the space. In *Washtenaw Abstract Co, id.* at 233, the Supreme Court pointedly asserted:

[W]e in nowise hold that abstracters do or may acquire a vested or other right to permanently or exclusively occupy portions of the offices of the registers of deeds, even with the consent of the latter, for the purpose of copying records.

See also *Burton Abstract & Title Co v Martin,* 38 Mich App 178, 180-181; 196 NW2d 23 (1972). Accordingly, we reverse the order of mandamus.

Next, defendant argues that the trial court erred in finding that the fee of $1 a page for copies of documents was unreasonable. We agree. The Legislature has provided that a register of deeds is entitled to charge $1 a page for copies of any records or papers:

> A register of deeds is entitled to the following fees, which are not taxable as costs except as indicated:
>
>           *    *    *
>
> (b) For copies of any records or papers, if required, $1.00 per page, taxable as costs if otherwise allowed. [MCL 600.2567(1)(b); MSA 27A.2567(1)(b).]

No exception is made for any member of the public, including abstract companies. MCL 600.2567(4); MSA 27A.2567(4) further provides that a county board of commissioners may reduce or eliminate the fees specified in subsection 1(b).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 216; 501 NW2d 76 (1993). If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992). In finding the statutory fee of $1 a page unreasonable, the trial court stated:

> Now, I realize that for making hard copies, the statute clearly says that the rate shall be a dollar a copy and that can only be reduced by the County Board of Commissioners. But we're talking about

an arrangement for—an ongoing arrangement here for an abstract company who has a demand for a lot of copies, and I think that that's something over and above and different than what this statute provides for. I think the purpose of that statute is to set a ceiling so that a Register of Deeds can't take the arbitrary position that they want $10 a copy for a copy, for example, which they could possibly do if there wasn't this legislation to put the one dollar ceiling on it, and I think that's the purpose of the legislation.

The trial court's analysis and ultimate conclusion were made without the benefit of the 1994 amendment of MCL 565.551; MSA 26.791, which provides clarification. The Legislature has authorized the register of deeds to charge any fee provided by law, in this case $1 a page pursuant to § 2567(1)(b) of the Revised Judicature Act, and the register of deeds, in turn, may select the fee to charge all members of the public. By empowering the county board of commissioners with discretion to reduce or eliminate the fee, the Legislature made clear its intention that the board of commissioners should decide whether an exception should be made. Accordingly, we find the trial court was without authority to create exceptions simply on the basis of the volume of copies requested by an abstract company and to impose lease arrangements upon the register of deeds. Therefore, we reverse the court's finding that the fee is unreasonable.

In light of our holdings that mandamus was not properly issued and that the fee was not unreasonable, we reverse the award of damages ordered by the trial court.

Reversed and remanded. We do not retain jurisdiction.