W A FOOTE MEMORIAL HOSPITAL v DEPARTMENT OF PUBLIC
HEALTH

Docket No. 163722. Submitted January 18, 1995, at Lansing. Decided
    May 12, 1995, at 9:25 A.M. Leave to appeal sought.

   W.A. Foote Memorial Hospital brought an action in the Jackson
   Circuit Court against the Department of Public Health, seeking
   declaratory and injunctive relief with regard to the defendant's
   consideration of its application for a certificate of need to
   establish an open heart surgery unit. The court, Gordon W.
   Britten, J., entered an order granting a writ of mandamus
   requiring the defendant to consider the hospital's application
   pursuant to the review standards in effect on the date the
   hospital submitted its application rather than the revised stan-
   dards that became effective three days after the hospital filed
   its complaint. The defendant then sought summary disposition,
   asserting that the court lacked jurisdiction. Crittenton Hospital
   sought to intervene as a plaintiff, seeking the same relief as
   Foote Hospital. The court entered orders requiring the defen-
   dant to review Foote's application under the standards in effect
   when its application was filed, denying the defendant's motion
   for summary disposition, and granting Crittenton's motion to
   intervene. The court then amended its order granting the writ
   of mandamus to give Crittenton the same relief as Foote. The
   defendant appealed.

      The Court of Appeals held:

      1. The trial court erred in assuming jurisdiction with regard
   to this dispute because the plaintiffs did not exhaust their
   administrative remedies. Thus, the court erred in denying the
   defendant's motion for summary disposition.

      2. The trial court erred in concluding that the plaintiffs had
   a vested right to have their applications reviewed under the old
   review standards.

      3. The trial court abused its discretion in granting Critten-

REFERENCES
Am Jur 2d, Administrative Law §§ 246, 248, 505-512; Mandamus
    §§ 162-165, 207, 208, 409; Parties §§ 133-142.
Validity and construction of statute requiring establishment of
    "need" as precondition to operation of hospital or other facilities
    for the care of sick people. 61 ALR3d 278.

ton's motion to intervene after the court had issued its opinion from the bench requiring, via mandamus, the application of the old review standards to Foote's application.

4. The trial court erred in granting the writ of mandamus. Reversed.

1. HEALTH — DEPARTMENT OF PUBLIC HEALTH — CERTIFICATES OF NEED — APPEAL.

Parties aggrieved by a decision by the Department of Public Health to issue or deny a certificate of need must exhaust their administrative remedies before they may challenge the decision in the circuit court (MCL 24.271 *et seq.*, 333.22231, 333.22232; MSA 3.560[171] *et seq.*, 14.15[22231], 14.15[22232]).

2. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES.

A party's framing of an issue as constitutional does not create a constitutional issue or excuse the party from pursuing statutorily imposed administrative procedures where other issues are in controversy.

3. ACTIONS — VESTED RIGHTS.

A right cannot be vested unless it is something more than an abstract need, desire, or unilateral expectation of the right.

4. MOTIONS AND ORDERS — INTERVENTION — TIMELY APPLICATION.

It is an abuse of discretion for a trial court to grant a motion to intervene after a judgment favorable to the intervenor has been entered for the original party to the suit with whom the intervenor seeks to align.

5. MANDAMUS — APPEAL.

Mandamus is an extraordinary remedy and an inappropriate tool to review or control the exercise of discretion vested in a public official or an administrative body; a writ of mandamus is appropriate where the plaintiff has a clear legal right to performance of the specific duty sought to be compelled, the defendant has the clear legal duty to perform the act, and the act is ministerial and does not involve the exercise of discretion or judgment.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *David L. Kaser, Pamela Hobbs,* and *Sharon A. DeWaele*), for W. A. Foote Memorial Hospital.

*Dykema Gossett* (by *William J. Perrone, Teresa*

A. Brooks, and *Julia A. Goatley Moreno*), for Crittenton Hospital.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Kelly Keenan* and *Robert J. Taube,* Assistant Attorneys General, for the Department of Public Health.

Amici Curiae:

*Bowman & Brooke* (by *Maurice G. Jenkins* and *Erinn Dougherty*), for the Economic Alliance for Michigan.

*Rhoades, McKee, Boer, Goodrich & Titta* (by *Robert J. Dugan*), for the Alliance for Health.

*Marcoux, Allen, Abbott, Schomer & Bower, P.C.* (by *William J. Marcoux*), for Jacobson Stores, Inc., and the Greater Jackson Chamber of Commerce.

*Honigman Miller Schwartz & Cohn* (by *Frederick M. Baker, Jr.,* and *Chris E. Rossman*), for The Michigan Hospital Association.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and MARKEY, JJ.

PER CURIAM. Defendant Department of Public Health appeals as of right from the trial court's orders denying defendant's motion for summary disposition based upon lack of jurisdiction, granting plaintiff Crittenton Hospital's motion to intervene, and granting a writ of mandamus to plaintiffs W. A. Foote Memorial Hospital and Crittenton Hospital. The trial court's orders prevented defendant from applying newly enacted and immediately applicable review standards to plaintiffs' applications for certificates of need that were

pending when the new standards became effective. We reverse.

In September 1992, defendant, through its certificate of need commission (the commission), promulgated for public comment its proposed revised review standards for granting certificates of need (CONS) to hospitals seeking to establish open heart surgery units. MCL 333.22203(4); MSA 14.15(22203)(4). As described in part 222 of the Public Health Code, MCL 333.22201 *et seq.*; MSA 14.15(22201) *et seq.* (the code), a health facility may not initiate a covered clinical service, such as open heart surgery, without first receiving a CON. MCL 333.22203(3); MSA 14.15(22203)(3). The revised CON review standards required, among other things, that health facilities demonstrate the need to perform three hundred open heart surgical procedures a year. The CON review standards in effect at the time plaintiffs filed their applications required a demonstrated need for only two hundred procedures a year. 1992 MR 12, p 170, § 4. Both plaintiffs apparently concede their inability to satisfy the three hundred procedures requirement.

In November 1992, plaintiff Crittenton Hospital, which is located in Oakland County, filed its application for a CON to perform open heart surgery. Plaintiff W. A. Foote Memorial Hospital, located in Jackson County, filed its CON application regarding the same clinical service in early December 1992. Defendant deemed these applications to be complete and guaranteed decisions regarding the applications by March 1993 and May 1993, respectively.

On December 15, 1992, the commission amended its proposed revisions of the CON review standards after the period for public comment had passed

and added the following language to subsection 5 of § 1:

> (a) These standards shall apply to the review of all CON applications for open heart surgery services for which the Director of the Department of Public Health has not made a final decision under Section 22231(9), being Section 333.22231(9) of the Michigan Compiled Laws, as of the effective date of these standards.
>
> (b) In the case of an application which has been deemed submitted but which has not received a final decision by the Director on the effective date of these standards, the applicant may request and the Department shall grant, an extension of up to 60 days to the Director's decision date established under Section 22231(9), being Section 333.22231(9) of the Michigan Compiled Laws. This period shall be used for the submission and review of any information which may be necessary to show compliance with these standards. The Department shall consider this information before a final decision is made. [1992 MR 12, p 169, § 1(5)(a)(b).]

The commission then approved the revised CON review standards and subsequently submitted the standards in their final form to the Governor and the Legislature, pursuant to MCL 333.22215(4); MSA 14.15(22215)(4). Because neither the Governor nor the Legislature disapproved of the proposed final action regarding the revised CON review standards, the standards became "effective and binding on all persons affected by this part upon the expiration of the 45-day period or on a later date specified in the proposed final action." MCL 333.22215(4); MSA 14.15(22215)(4). In this case, the forty-five-day period expired on February 13, 1993.

However, on February 10, 1993, three days before the February 13 effective date, Foote filed its

complaint for declaratory and injunctive relief in the Jackson Circuit Court. Foote asserted that when the commission adopted subsection 1(5), it impermissibly bypassed the public comment period with respect to the addition of subsections 1(5)(a) and (b) in violation of MCL 333.22215; MSA 14.15(22215). Foote also argued that on the date it filed its CON application, it acquired the right to have defendant's director consider the application in accordance with the CON review standards in effect on that date.

At the hearing regarding Foote's motion for entry of a preliminary injunction, the trial court found that defendant would violate Foote's due process rights if it applied the new CON review standards to Foote's pending application. The court reasoned that the new review procedures would result in an automatic denial of Foote's application before any consideration of the application on its merits. Accordingly, the court ordered the entry of a writ of mandamus requiring defendant to consider Foote's application under the prior CON review standards. The parties could not agree on the form of the order, however.

In response, defendant filed its motion for summary disposition, asserting that the trial court lacked jurisdiction because both part 222 of the code and the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, specified the exclusive administrative procedures and remedies for addressing Foote's claims.

At this juncture, Crittenton filed both its motion to intervene as a plaintiff, pursuant to MCR 2.209(A)(3) and MCR 2.209(B)(2), and its proposed complaint against defendant. Crittenton argued that subsection 1(5) would have the same adverse effect on both Foote's and its pending applications, that subsection 1(5) was impermissibly retroactive,

that the parties' claims arose out of the same transactions and occurrences, and that the identical question of law was at issue in both cases.

On April 2, 1993, the trial court ruled with regard to these motions and executed three separate orders. These orders (1) required defendant to review Foote's CON application under the review standards in effect when its application was filed, (2) denied defendant's motion for summary disposition, and (3) granted Crittenton's motion to intervene as of right. Upon Crittenton's intervention, the first order was amended to give Crittenton the same relief as Foote and the order was certified as a final order. Defendant appeals and we reverse.

I

First, regarding defendant's motion for summary disposition based upon lack of subject-matter jurisdiction, the issue of subject-matter jurisdiction is a question of law that this Court reviews de novo. *Universal Am-Can Ltd v Attorney General,* 197 Mich App 34, 37; 494 NW2d 787 (1992). We find that the trial court erred in assuming jurisdiction over this dispute. Under part 222 of the code, the Legislature specified that aggrieved parties may challenge defendant's decision to issue or deny CONs in the circuit court only after exhausting their administrative remedies, in accordance with MCL 333.22231; MSA 14.15(22231) and MCL 333.22232; MSA 14.15(22232), as well as MCL 24.271 *et seq.*; MSA 3.560(171) *et seq. Pontiac Osteopathic Hosp v Dep't of Public Health,* 157 Mich App 583, 586; 403 NW2d 82 (1986).

Moreover, plaintiffs have failed to cite authority for their assertion that MCL 600.605; MSA 27A.605, which defines the original jurisdiction of circuit courts, obviates the rule requiring plaintiffs

to exhaust their administrative remedies. Indeed, it has been held repeatedly that § 605 does not confer jurisdiction where a statute provides for exclusive administrative remedies that have not been exhausted. See, e.g., *Wikman v Novi*, 413 Mich 617, 646-647; 322 NW2d 103 (1982). Also, defendant correctly argues that MCL 600.6419; MSA 27A.6419 did not grant the trial court jurisdiction over this dispute, because this statutory provision applies only to Court of Claims actions.

Foote also argues that by adding the additional language of subsections 1(5)(a) and (b) to the proposed revised CON standards on December 15, 1992, the commission violated the express provisions of subsection 22215(3) because the added language circumvented the public comment period provided for by statute. This argument finds no support either from the facts in this case or from the promulgation procedure set forth by subsections 3 and 4 of § 22215. Subsections 3 and 4 of § 22215 clearly establish a statutory scheme allowing for comments and revisions to proposed revised CON standards first by the public, then by the standing committees in the Senate and House of Representatives with jurisdiction over public health matters. These proposed standards are then submitted for disapproval by either the Legislature or the Governor, ostensibly after the public and the referenced committees have had an opportunity for input. From a review of the facts in this case, it appears that the added language of subsections 1(5)(a) and (b) is exactly the kind of "fine-tuning" contemplated and permitted by the statute. Contrary to plaintiffs' assertions, the effective date of the proposed revisions, as set forth in subsection 1(5)(a), is expressly authorized by subsection 22215(4) and, given our opinions on the issues discussed above, we need not address the

propriety of the language set forth in subsection 1(5)(b) because it is irrelevant. Moreover, the statutory scheme sets forth the exclusive method by which revised CON review standards are promulgated, i.e., there appears to be no additional provisions allowing for their judicial review. If the lack of such provisions is deemed an improper omission, it is up to the Legislature to provide a cure.

Further, we do not accept plaintiffs' unsupported assertions that exhausting their administrative remedies under the code would be futile. First, although plaintiffs' couched their challenge to subsection 1(5) in constitutional terms, administrative review is not automatically avoided. The mere framing of an issue as constitutional neither creates such an issue nor excuses plaintiffs from pursuing statutorily imposed administrative procedures when other issues are in controversy. *O'Keefe v Dep't of Social Services,* 162 Mich App 498, 505-507; 413 NW2d 32 (1987). Here, plaintiffs have no vested property or liberty right at stake, so due process challenges are unfounded and there exists no true constitutional issue. *Detroit Edison Co v Michigan Air Pollution Control Comm,* 167 Mich App 651, 661; 423 NW2d 306 (1988). We find no support for the trial court's conclusion that plaintiffs had a vested right to have their CON applications reviewed under the old CON review standards. A right cannot be vested unless it is something more than an abstract need, desire, or unilateral expectation of the right. *Detroit v Walker,* 445 Mich 682, 699; 520 NW2d 135 (1994); *Detroit Edison, supra* at 661. Rather, plaintiffs must establish a legitimate claim of entitlement to it. *Id.* Here, plaintiffs had nothing more than a mere expectation that their CON applications would be evaluated under the old CON review standards. Thus, the trial court erred in denying defendant's

motion for summary disposition because plaintiffs failed to exhaust their administrative remedies under part 222 of the code before resorting to judicial intervention.

II

Second, we find that the trial court abused its discretion in granting Crittenton's motion to intervene. Both MCR 2.209(A)(3), regarding intervention as of right, and MCR 2.209(B)(2), regarding permissive intervention require a "timely application" for intervention. This Court recently acknowledged that a trial court abuses its discretion in granting a motion to intervene after a judgment favorable to the intervenor has already been entered for the original party to the suit with whom the intervenor is attempting to align. *Dean v Dep't of Corrections,* 208 Mich App 144, 150-151; 527 NW2d 529 (1994). In this case, Crittenton raised its motion to intervene after the trial court issued its bench opinion requiring, via mandamus, that defendant apply the old CON review standards to Foote's CON application. Following the rationale of *Dean,* it would be equally unfair to permit Crittenton to intervene in the case when it knew that Foote had just received a favorable ruling from the trial court. *Id.*

III

Finally, we conclude that the trial court also abused its discretion in granting a writ of mandamus to plaintiffs. See *Keaton v Village of Beverly Hills,* 202 Mich App 681, 683; 509 NW2d 544 (1993). Mandamus is an extraordinary remedy and an inappropriate tool to review or control the exercise of discretion vested in a public official or

administrative body. *Tuscola Co Abstract Co, Inc v Tuscola Co Register of Deeds,* 206 Mich App 508, 510-511; 522 NW2d 686 (1994). Issuance of a writ of mandamus is proper where (1) the plaintiff has a clear legal right to performance of the specific duty sought to be compelled, (2) the defendant has the clear legal duty to perform the act, and (3) the act is ministerial and does not involve the exercise of discretion or judgment. *Id.* In the case at bar, plaintiffs cannot satisfy these requirements.

First, plaintiffs' applications were pending on the date when the revised CON review standards took effect. As explained above, neither these applications nor their filing vested plaintiffs with any property right or interest. Rather, only after a CON is issued does an applicant possess a tangible property interest that cannot be denied without due process. *Downriver Nursing Associates v Dep't of Public Health,* 193 Mich App 594, 599; 484 NW2d 748 (1992). Thus, plaintiffs had no clear legal right to enforce, contrary to the trial court's conclusion. *Tuscola Co Abstract Co, supra.*

Second, defendant had no clear legal duty to apply the old CON review standards to plaintiffs' pending applications. Pursuant to subsection 22215(4), once the proposed final action on the revised CON review standards was submitted to the Governor and Legislature and neither disapproved of the standards, the new review standards become effective and binding on all affected persons after forty-five days, which in this case occurred on February 13, 1993. Plaintiffs' CON applications were still pending on this date. Also, defendant's decision to include subsection 1(5) in the revised CON review standards after the public comment period merely emphasized the new standards' immediate application upon expiration of the forty-five-day waiting period as authorized by subsection

22215(4). Accordingly, we find that defendant had no legal duty to apply the old CON review standards to pending or new applications after February 13, 1993. We further find no basis for striking subsection 1(5) as impermissibly applying the revised CON review standards in a retroactive manner.

Third, the granting of a CON is a matter within the discretion of the defendant's director, although the decision is guided by statutory and regulatory standards. See MCL 333.22225; MSA 14.15(22225); MCL 333.22231; MSA 14.15(22231). The trial court erred, therefore, in granting plaintiffs relief in the form of mandamus. *Id.*

Reversed.