DEAN v DEPARTMENT OF CORRECTIONS

Docket Nos. 154882, 166024. Submitted March 16, 1994, at Lansing.
Decided December 20, 1994, at 9:05 A.M.

Freddy S. Dean and others brought an action in the Ingham
Circuit Court against the Department of Corrections, seeking a
declaration that MCL 333.7401(3); MSA 14.15(7401)(3) did not
prevent the plaintiffs, prison inmates sentenced to less than the
statutorily required mandatory minimum sentence because the
respective trial courts found substantial and compelling reasons
to support the departures, from receiving disciplinary credits
against those sentences. The court, James R. Giddings, J.,
granted summary disposition for the plaintiffs. Three additional
groups of similarly situated inmates then brought motions to
intervene as plaintiffs. The original parties stipulated the first
group's intervention and the trial court granted the motion
with regard to the second group. The court then granted
summary disposition for the first two groups. The motion to
intervene as plaintiffs by the third group, William Newton and
others, was granted and the court also granted the Wayne
County Prosecutor's motion to intervene as a defendant. The
court then granted summary disposition for the third group.
The Department of Corrections appealed from the order grant-
ing summary disposition for Dean and the other original plain-
tiffs (Docket No. 154882). The Wayne County Prosecutor ap-
pealed from the orders granting permissive intervention and
summary disposition to the third group of intervening inmates,
William Newton and others (Docket No. 166024). The appeals
were consolidated.

The Court of Appeals held:

1. The trial court erred in its interpretation of the interac-
tion between MCL 333.7401(2)(a)(ii)-(iv) and (3); MSA

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.13, 48, 48.6; Parties
§§ 142, 155, 161, 167, 168.

Time within which right to intervene may be exercised. 37 ALR2d
1306.

Validity of state statute imposing mandatory sentence or prohibit-
ing granting of probation or suspension of sentence for narcotics
offenses. 81 ALR3d 1192.

14.15(7401)(2)(a)(ii)-(iv) and (3), and MCL 333.7403(2)(a)(i)-(iv); MSA 14.15(7403)(2)(a)(i)-(iv). Except for the allowance of lifetime probation, a defendant convicted of violating § 7401(2)(a) or 7403(2)(a) of the controlled substances act is subject to a mandatory term of imprisonment, regardless of the length of the minimum and maximum sentence imposed, and may not receive a reduction in the term of imprisonment imposed as a result of disciplinary credits or any other type of sentence credit reduction. The orders granting summary disposition for the plaintiffs and intervening plaintiffs must be reversed and the matter must be remanded for the entry of orders granting summary disposition for the defendants.

2. The intervening plaintiffs' motions to intervene were granted inappropriately. The intervening plaintiffs had a claim that was common in law and fact to the claim of the original plaintiffs. However, their postjudgment application was untimely and the trial court abused its discretion in granting it. The routine granting of motions to intervene in a case in which a judgment favorable to the intervenors has already been entered, without questioning the timeliness of such motions, constitutes an abuse of discretion. A timely application for permissive intervention, as required by MCR 2.209(B), must be an application that is made before an adjudication of the case on the merits. That was not done in this case.

Reversed and remanded.

1. SENTENCES — CONTROLLED SUBSTANCES — MANDATORY TERM OF IMPRISONMENT — DISCIPLINARY CREDITS.

Except for the allowance of lifetime probation, a defendant convicted of violating §§ 7401(2)(a) or 7403(2)(a) of the controlled substances act is subject to a mandatory term of imprisonment, regardless of the length of the minimum and maximum sentence imposed; the sentencing court may deviate downwardly from the mandatory sentences if it finds there are substantial and compelling reasons; an individual subject to such a mandatory term of imprisonment may not receive a reduction in the term of imprisonment imposed as a result of disciplinary credits or any other type of sentence credit reduction (MCL 333.7401[2][a][i]-[iv], [3], [4], 333.7403[2][a][i]-[iv]; MSA 14.15[7401][2][a][i]-[iv], [3], [4], 14.15[7403][2][a][i]-[iv]).

2. MOTIONS AND ORDERS — PARTIES — PERMISSIVE INTERVENTION — TIMELY APPLICATION.

A trial court may grant permissive intervention where a timely application is made, the applicant's claim or defense and the main action have a common question of law or fact, and no

prejudice or delay to the original parties will result; the routine granting of motions to intervene in a case in which a judgment favorable to the intervenors has already been entered, without questioning the timeliness of such motions, constitutes an abuse of discretion; a timely application is an application that is made before an adjudication of the case on the merits (MCR 2.209[B]).

*Patrick K. Ehlmann,* for the plaintiffs and intervening plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Chester S. Sugierski, Jr.,* Assistant Attorney General, for the Department of Corrections.

*John D. O'Hair,* Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the Wayne County Prosecutor.

Before: TAYLOR, P.J., and WEAVER and M. R. SMOLENSKI,* JJ.

PER CURIAM. In Docket No. 154882, defendant, Department of Corrections (DOC), appeals as of right from the circuit court's order granting summary disposition for plaintiffs Freddy Dean, George Scandalis, and Paul McCormick. William Newton, Herman Ridgell, Jr., and Miguel Hermosillo (the intervening plaintiffs) permissively intervened after the circuit court's decision in the original matter, seeking identical relief. The circuit court granted the intervening plaintiffs' motion for summary disposition. In Docket No. 166024, intervening defendant Wayne County Prosecutor (the prosecutor) appeals as of right from the circuit court's order granting summary disposition for the intervening plaintiffs and challenges the court's grant of permissive intervention

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to them. Docket No. 166024 was consolidated with Docket No. 154882 for purposes of appeal. We reverse.

Pursuant to MCL 333.7401(4); MSA 14.15(7401)(4), plaintiffs Dean, Scandalis, and McCormick were sentenced to less than the statutorily required mandatory minimum sentence because the respective trial courts found substantial and compelling reasons to support the departures. Plaintiffs subsequently filed this declaratory judgment action against the DOC seeking a judgment that MCL 333.7401(3); MSA 14.15(7401)(3) did not prohibit them from receiving disciplinary credits against those sentences. Both parties moved for summary disposition. The trial court denied the DOC's motion, granted summary disposition for plaintiff's, and entered a declaratory ruling that stated:

> Plaintiffs' eligibility for disciplinary credits is not affected by the provision in MCL 333.7401(3) which precludes "reduction in that mandatory term of imprisonment by disciplinary credits" for those individuals sentenced under MCL 333.7401(2)(a)(i) through (iv) and MCL 333.7403(2)(a)(i) through (iv), who are sentenced to a minimum term below the mandatory minimums contained in those statutory provisions, such departures being pursuant to MCL 333.7401(4).

After that order, three additional groups of similarly situated inmates moved for permissive intervention.

The original parties stipulated the first group's intervention and the trial court granted the second group intervention. Both groups moved for summary disposition on the same grounds as the original plaintiffs, and the trial court granted the motions. The third group, Newton, Ridgell, and

Hermosillo, also moved to intervene and the motion was granted. The prosecutor then moved to intervene and the trial court granted that motion. Newton, Ridgell, and Hermosillo subsequently moved for summary disposition on the same grounds as the original plaintiffs, which the trial court also granted. Defendant DOC moved for a stay of the trial court's declaratory order, which this Court granted in an order entered on July 7, 1993.

Defendants argue that the trial court erred in its interpretation of the interaction between certain sections of the controlled substances act, MCL 333.7401(2)(a)(ii)-(iv) and (3); MSA 14.15(7401)(2)(a)(ii)-(iv) and (3), and MCL 333.7403(2)(a) (i)-(iv); MSA 14.15(7403)(2)(a)(i)-(iv). We agree.

Section 7401(3) provides:

> A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. An individual subject to a mandatory term of imprisonment under subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall not be eligible for probation, suspension of that sentence, or parole during that mandatory term, except and only to the extent that those provisions permit probation for life, and shall not receive a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction.

Pursuant to § 7401(4), a sentencing court may downwardly deviate from the mandatory sentences if it finds there are substantial and compelling reasons to do so. Plaintiffs argued below, and the circuit court agreed, that a lesser sentence is no longer a mandatory sentence, and thus, the prohi-

bition against disciplinary credits is inapplicable to such sentences. In interpreting § 7401(3), the circuit court determined that a defendant who is given a lesser sentence is eligible to receive disciplinary credits because he is no longer "subject to" the mandatory sentence.

A review of the statutory provisions in their entirety indicates that, except for the allowance of lifetime probation pursuant to § 7401(2)(a)(iv), a defendant convicted of violating §§ 7401(2)(a) or 7403(2)(a) is subject to a mandatory term of imprisonment. Regardless of the length of the minimum and maximum sentence imposed, both being ultimately subject to the sentencing court's discretion, *People v Perez,* 417 Mich 1100.21 (1983), the sentence is "mandatory" because, except where lifetime probation is an option, imprisonment is the only available sanction. In a situation where lifetime probation could have been imposed and the court rejected that option, a term of imprisonment is mandatory. The clear and unambiguous language of the statutes governing controlled substances offenses manifests the Legislature's intent to give trial courts two sentencing options: lifetime probation or a term of imprisonment. *People v Story,* 191 Mich App 476; 478 NW2d 710 (1991).

Plaintiffs' argument, which depends on interpolating the limiting adjective "minimum" into § 7401(3), is without merit. The Legislature was careful to use that adjective only in § 7401(4), which was part of the same public act. Inclusion of the qualifying adjective only in § 7401(4), and its omission from § 7401(3), indicates that the language in § 7401(3) was not inadvertently or inartfully chosen by the Legislature.

Accordingly, the trial court's orders granting summary disposition for plaintiffs and intervening plaintiffs are reversed, and this matter is re-

manded for the entry of orders granting summary disposition for defendants.

Furthermore, we hold that intervening plaintiffs' motions to intervene were inappropriately granted. Pursuant to MCR 2.209(B), the trial court may grant permissive intervention if timely application is made, if the applicant's claim or defense and the main action have a common question of law or fact, and if no prejudice or delay to the original parties will result. Intervening plaintiffs clearly had a claim that was common in law and fact to the claim of the original plaintiffs. However, their postjudgment application was untimely and the trial court abused its discretion in granting it.

There should be considerable reluctance on the part of the courts to allow intervention after an action has gone to judgment and a strong showing must be made by the applicant. See 7C Wright, Miller & Kane, Federal Practice & Procedure: Civil (2d ed), § 1916, p 444. "It must be very obvious that a great distinction must be observed between an intervention occurring before judgment is rendered . . . and another case in which intervention is sought, as in the instant case, after judgment has been rendered." *Czajkowski v Lount,* 333 Mich 156, 164; 52 NW2d 642 (1952). Further, we note that the "[p]rovision . . . authorizing intervention . . . 'at any time' relates to time actions are pending in court." *Id.*

In the instant case, intervening plaintiffs made a less-than-strong showing that intervention was appropriate. They merely claimed that their action and the main action had a question of law in common and that intervention would not unduly delay or prejudice the adjudication of the original parties' rights. Nowhere in their motion do intervening plaintiffs explain why they failed to move

for intervention while the main action was pending. And, rather than exercising considerable reluctance, the trial court expressed a great willingness to grant the motion without questioning its timeliness. Although we recognize the trial court's discretion in such matters, we conclude that routinely granting motions to intervene in a case in which judgment favorable to the intervenors has already been entered, without questioning the timeliness of such motions, constitutes an abuse of discretion.

Allowing intervening plaintiffs to intervene after a judgment is entered promotes a bad public policy: intervening plaintiffs reap the benefits of a favorable judgment but would not be bound by an adverse judgment. In 1966, FR Civ P 23 was amended to preclude such "one-way" intervention by adopting the opt-out procedure for class actions. See Jelsema, *The work of the Michigan Supreme Court and the Court of Appeals during the survey period: A statistical analysis,* 16 Wayne L Rev 477, 518-522 (1970). Because Michigan's court rules were modeled after the federal rules, we look to the federal rules for guidance in this case.

Before 1966, the procedure for class actions was to allow parties to opt in. Under this approach, potential members of a class would wait to see if the adjudication was favorable to the class before deciding whether to enter the action. In contrast, the opt-out procedure required the potential class members to take affirmative action to avoid being included in the class and bound by the judgment, effectively prohibiting one-way intervention.

We note that, like their federal counterparts, MCR 2.209(B) and MCR 3.501 (class actions) are complementary. Like its federal counterpart, FR Civ P 23, MCR 3.501 contains the opt-out procedure. With our holding in this case, we apply a

similar rationale to permissive intervention because the same public policy considerations are at issue. Accordingly, we hold that a timely application, as required by MCR 2.209(B), must be an application before an adjudication of the case on the merits. That having not been done here, the grant of intervening plaintiffs' motion was an abuse of discretion by the trial court and is hereby reversed.

Reversed and remanded.