DEAN v DEPARTMENT OF CORRECTIONS

Docket No. 101956. Argued October 9, 1996 (Calendar No. 14). Decided December 10, 1996.

Freddy S. Dean and two other inmates brought an action in the Ingham Circuit Court against the Department of Corrections, seeking a declaration that inmates who are sentenced in accordance with the downward departure provisions of MCL 333.7401(4); MSA 14.15(7401)(4) and MCL 333.7403(3); MSA 14.15(7403)(3) are no longer subject to a mandatory term of imprisonment under subsection 7401(3) and thus eligible to receive disciplinary credits and other sentence-credit reductions of their minimum terms of imprisonment. The court, James R. Giddings, J., granted summary disposition for the plaintiffs. The Court of Appeals, TAYLOR, P.J., and WEAVER and M. R. SMOLENSKI, JJ., reversed in an opinion per curiam (Docket No. 154882). Dean appeals.

In an opinion by Justice BOYLE, joined by Chief Justice BRICKLEY, and Justices RILEY and MALLETT, the Supreme Court held:

A person who receives a downward departure of a minimum term of imprisonment in accordance with MCL 333.7401(4); MSA 14.15(7401)(4) and MCL 333.7403(3); MSA 14.15(7403)(3) is subject to a mandatory term of imprisonment under subsection 7401(3) and therefore ineligible to receive disciplinary credits or any other type of sentence-credit reduction of that minimum term.

1. The Legislature did not intend that defendants sentenced under the departure provisions of § 7401 should be eligible for disciplinary credits. The penalty provisions for violation of the controlled substances provisions of the Public Health Code tied mandatory minimum terms of imprisonment to the type and weight of the substances involved so as to deter illicit drug dealing. As originally enacted, the provisions did not preclude disciplinary credits or other sentence-credit reductions of the mandatory minimum term of imprisonment; but the act was amended to explicitly preclude a reduction in the mandatory term of imprisonment by good-time credits, disciplinary credits, or any other type of sentence-credit reduction. In 1989, the statute was again amended to augment punishment for major drug offenders, while continuing the policy of permitting downward departures.

2. To effectuate the legislative intent, the phrase "*a* mandatory term of imprisonment" must be read to mean any minimum term of imprisonment imposed by a judge under subsection 7401(3). A sentence imposed on a person subject to a mandatory term of imprisonment includes those sentences imposed pursuant to the downward departure provisions of subsections 7401(4) and 7403(3). The fact that the Legislature permitted the exercise of trial court sentencing discretion when supported by substantial and compelling reasons suggests neither that the Legislature intended automatic disciplinary credits for violators of the controlled substances act nor that it authorized probation or a suspended sentence, but rather that the statutory scheme contemplates that minimum sentences will be imposed in all but the most unusual cases.

Affirmed.

Justice LEVIN, joined by Justice CAVANAGH, dissenting, stated that MCL 333.7401(3); MSA 14.15(7401)(3) proscribes only a reduction in a mandatory term of imprisonment by disciplinary or other sentence credits; it does not prohibit disciplinary or sentence-credit reduction of a lesser nonmandatory term of imprisonment. Thus, a person, who is subject to imposition of a mandatory minimum sentence, but, pursuant to the exercise of the court's discretion for downward departure from the mandatory minimum, is actually sentenced to serve a term less than the mandatory minimum, is eligible to receive disciplinary or sentence credits. In this case, because the defendant was sentenced to a nonmandatory term of twelve to twenty years rather than to a mandatory twenty- to thirty-year term, and because the statute only prohibits disciplinary or sentence-credit reduction with respect to a mandatory term, his sentence may be reduced by disciplinary or other applicable sentence-credit provisions.

A person sentenced to serve twelve to twenty years, who receives disciplinary or other sentence credits, has not received a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence-credit reduction. The mandatory term is reduced, not by disciplinary or other sentence credits, but as a result of the downward departure. The mandatory term is no longer applicable to a person who, although subject to the mandatory minimum, is sentenced to a term less than the mandatory minimum. Because a person serving a downward departure sentence is not serving a mandatory term, allowing disciplinary or other sentence credits does not constitute a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence-credit reduction.

Justice WEAVER took no part in the decision of this case.

208 Mich App 144; 527 NW2d 529 (1994) affirmed.

SENTENCES — CONTROLLED SUBSTANCES — MANDATORY MINIMUM TERM — DISCI-
PLINARY CREDITS.
  A person who receives a downward departure of a minimum term of
  imprisonment in accordance with MCL 333.7401(4); MSA
  14.15(7401)(4) and MCL 333.7403(3); MSA 14.15(7403)(3) is subject
  to a mandatory term of imprisonment under subsection 7401(3)
  and therefore ineligible to receive disciplinary credits or any other
  type of sentence-credit reduction of that minimum term.

*Patrick K. Ehlmann* for the plaintiff.

*Frank J. Kelly*, Attorney General, *Thomas L.
Casey*, Solicitor General, and *Chester S. Sugierski,
Jr.*, Assistant Attorney General, for the defendant.

BOYLE, J.

I

We granted leave in this case to determine whether
disciplinary credits or other forms of sentence-credit
reductions can be applied against a minimum term of
imprisonment that has been imposed pursuant to the
downward departure provisions of MCL 333.7401(4);
MSA 14.15(7401)(4) and MCL 333.7403(3); MSA
14.15(7403)(3).

Plaintiff contends that a departure from a minimum
sentence pursuant to subsection 7401(4) or subsec-
tion 7403(3) necessarily means that a defendant is no
longer "subject to a mandatory term of imprisonment"
pursuant to subsection 7401(3) and so is eligible to
receive disciplinary credit reductions on the reduced
term of imprisonment. We are not persuaded by plain-
tiff's interpretation of subsection 7401(3) and instead
hold that an individual who receives a downward
departure of a minimum term of imprisonment in
accordance with subsection 7401(4) or subsection

7403(3) is an "individual subject to a mandatory term of imprisonment" under subsection 7401(3) and is therefore ineligible to receive disciplinary credits or any other type of sentence-credit reduction of that minimum term. Accordingly, we affirm the judgment of the Court of Appeals.

II

Freddy Scott Dean pleaded guilty of possession of cocaine in an amount greater than 225 grams but less than 650 grams. MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii).[1] The minimum term of imprisonment for this offense at the time of Mr. Dean's conviction was twenty years.[2]

Subsection 7403(3) authorizes a departure from the prescribed minimum term of imprisonment if the court finds substantial and compelling reasons to do

---

[1] There is some discrepancy in the materials before this Court regarding whether Mr. Dean was convicted of possession of a controlled substance pursuant to MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) or delivery of a controlled substance pursuant to MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). While certain pleadings submitted to the lower courts have suggested that Mr. Dean was convicted under MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), briefs before this Court state that Mr. Dean was convicted under MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). Because the briefs before this Court are generally in agreement that Mr. Dean was convicted under MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii), we will rely on that information.

[2] MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) provides:

A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(iv), and:

\*    \*    \*

(ii) Which is in an amount of 225 grams or more, but less than 650 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 20 years nor more than 30 years.

so. In accordance with this subsection, Mr. Dean was sentenced to a term of 12 to 30 years imprisonment.

After sentencing, Mr. Dean and two similarly situated inmates filed an action for a declaratory ruling,[3] contending that inmates who are sentenced in accordance with the downward departure provisions of MCL 333.7401(4);   MSA 14.15(7401)(4)   and MCL 333.7403(3);   MSA 14.15(7403)(3)   are no longer "subject to a mandatory term of imprisonment" under subsection 7401(3) and so are eligible to receive disciplinary credits and other sentence-credit reductions of their minimum terms of imprisonment.[4] Cross-motions for summary disposition were filed and the circuit court entered judgment in favor of plaintiffs. The Court of Appeals reversed the circuit court's holding, aptly setting forth the history of the case as follows:

> [D]efendant, Department of Corrections (DOC), appeals as of right from the circuit court's order granting summary disposition for plaintiffs Freddy Dean, George Scandalis, and Paul McCormick. William Newton, Herman Ridgell, Jr., and Miguel Hermosillo (the intervening plaintiffs) permissively intervened after the circuit court's decision in the original matter, seeking identical relief. The circuit court granted the intervening plaintiffs' motion for summary disposition. In Docket No. 166024, intervening defendant Wayne County

---

[3] George Scandalis and Paul McCormick joined Mr. Dean in the declaratory judgment action.

[4] That portion of subsection 7401(3) which is currently in dispute provides:

> An individual subject to a mandatory term of imprisonment under subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall not . . . receive a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction.

Prosecutor (the prosecutor) appeals as of right from the circuit court's order granting summary disposition for the intervening plaintiffs and challenges the court's grant of permissive intervention to them. [The cases were consolidated] for purposes of appeal. We reverse.

Pursuant to MCL 333.7401(4); MSA 14.15(7401)(4), plaintiffs Dean, Scandalis, and McCormick were sentenced to less than the statutorily required mandatory minimum sentence because the respective trial courts found substantial and compelling reasons to support the departures. Plaintiffs subsequently filed this declaratory judgment action against the DOC seeking a judgment that MCL 333.7401(3); MSA 14.15(7401)(3) did not prohibit them from receiving disciplinary credits against those sentences. Both parties moved for summary disposition. The trial court denied the DOC's motion, granted summary disposition for plaintiff's [sic], and entered a declaratory ruling that stated:

"Plaintiffs' eligibility for disciplinary credits is not affected by the provision in MCL 333.7401(3) which precludes 'reduction in that mandatory term of imprisonment by disciplinary credits' for those individuals sentenced under MCL 333.7401(2)(a)(i) through (iv) and MCL 333.7403(2)(a)(i) through (iv), who are sentenced to a minimum term below the mandatory minimums contained in those statutory provisions, such departures being pursuant to MCL 333.7401(4)."

After that order, three additional groups of similarly situated inmates moved for permissive intervention.

The original parties stipulated the first group's intervention and the trial court granted the second group intervention. Both groups moved for summary disposition on the same grounds as the original plaintiffs, and the trial court granted the motions. The third group, Newton, Ridgell, and Hermosillo, also moved to intervene and the motion was granted. The prosecutor then moved to intervene and the trial court granted that motion. Newton, Ridgell, and Hermosillo subsequently moved for summary disposition on the same grounds as the original plaintiffs, which the trial court also granted. Defendant DOC moved for a stay of the

trial court's declaratory order, which this Court granted in an order entered on July 7, 1993. [208 Mich App 144, 146-148; 527 NW2d 529 (1994).]

We granted Dean's application for leave to appeal.[5]

III

The issue on appeal is the correct interpretation of the downward departure provisions of the statute. Our inquiry centers on the interpretation of MCL 333.7401(3); MSA 14.15(7401)(3) and its interrelationship with subsections 7403(2)(a)(ii)-(iv) and (3) and 7401(2)(a)(ii)-(iv) and (4).[6] The only question before us is whether the Legislature intended that persons sentenced under the departure provisions should be eligible for disciplinary credits.

Where the language of a statute is clear and unambiguous, the intent of the Legislature must be effectuated according to its plain meaning. *Victorson v Dep't of Treasury*, 439 Mich 131, 137-138; 482 NW2d 685 (1992). Where, as here, the language is not plain, but is subject to varying interpretations, we look to the purpose of the act to ascertain legislative intent. *Longstreth v Gensel*, 423 Mich 675, 680; 377 NW2d 804 (1985).

---

[5] 450 Mich 1002 (1996).

[6] Because the language of subsections 7401(4) and 7403(3) is identical, any further reference to subsection 7401(4) should also be read to include a reference to subsection 7403(3).

Subsection 7401(4) provides:

The court may depart from the minimum term of imprisonment authorized under subsection (2)(a)(ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so.

The penalty provisions for controlled substances provided in the Public Health Code can be traced to 1978 PA 368. Those provisions imposed significantly enhanced penalties for violations involving controlled substances, repealing the previous indeterminate scheme under the Controlled Substances Act of 1971 and replacing it with a scheme tying mandatory minimum terms of imprisonment to the type and weight of the substance involved.[7] There is no dispute that

---

[7] Section 7401 of 1978 PA 368 provided:

(1) Except as authorized by this article, a person shall not manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice of the practitioner, licensee, or applicant.

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:

(i) Which is in an amount of 650 grams or more of any mixture containing that substance is guilty of a felony and *shall be imprisoned for life.*

(ii) Which is in an amount of 225 grams or more, but less than 650 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned *for not less than 20 years nor more than 30 years.*

(iii) Which is in an amount of 50 grams or more, but less than 225 grams, of any mixture containing that substance is guilty of a felony and shall be either imprisoned *for not less than 10 years nor more than 20 years or placed on probation for life.*

(iv) Which is in an amount less than 50 grams of any mixture containing that substance is guilty of a felony and may be imprisoned *for not more than 20 years, or fined not more than $25,000.00, or both.*

(b) Any other controlled substance classified in schedule 1, 2, or 3, except marihuana, is guilty of a felony, punishable by imprisonment for not more than 7 years, or a fine of not more than $5,000.00, or both.

(c) A substance classified in schedule 4 or marihuana, is guilty of a felony, punishable by imprisonment for not more than 4 years, or a fine of not more than $2,000.00, or both.

the purpose of these severe penalties was to deter illicit drug dealing. *People v Morris*, 450 Mich 316, 327; 537 NW2d 842 (1995). The act required judges to impose mandatory minimum sentences for violations involving 50 grams to 650 grams or more of cocaine[8] and prevented individuals subject to a mandatory term of imprisonment under subsections 7401(2)(a)(i)-(iii) or 7403(2)(a)(i)-(iii) from receiving probation, a suspended sentence, or parole "during that mandatory term, except and only to the extent that those provisions permit probation for life." However, as originally enacted, the provision did not preclude defendants from receiving disciplinary credits or other sentence-credit reductions of the mandatory minimum term of imprisonment.[9]

---

(d) A substance classified in schedule 5, is guilty of a felony, punishable by imprisonment for not more than 2 years, or a fine of not more than $2,000.00, or both.

(3) A term of imprisonment imposed pursuant to subsection (2)(a)(i), (ii), or (iii) or section 7403(2)(a)(i), (ii), or (iii) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. An individual subject to a mandatory term of imprisonment under subsection (2)(a)(i), (ii), or (iii) or section 7403(2)(a)(i), (ii), or (iii) shall not be eligible for probation, suspension of that sentence, or parole during that mandatory term, except and only to the extent that those provisions permit probation for life. [Emphasis added.]

[8] In all instances, the penalty provisions referred to are those for schedule 1 or 2 controlled substances that are either narcotic drugs or described in subsection 7214(a)(iv).

[9] Pursuant to MCL 800.33; MSA 28.1403, defendants convicted of a major drug offense were allowed to receive a limited number of disciplinary credits to reduce their term of imprisonment. Subsection (4) of this section refers to MCL 335.341; MSA 18.1070(41) of the Controlled Substances Act, which is the precursor of subsection 7401 of the Public Health Code. Section 33 of 1978 PA 80 read in relevant part:

(1) The warden shall cause a record to be kept of each infraction of the rules of discipline by convicts, with the names of the persons so offending, and the date and character of each offense.

.

In 1987, the Legislature enacted PA 275, which amended the act to mitigate certain features of the penalty scheme and enhance others. Mandatory minimums were reduced from 20 to 10 years for persons who violated the statute with respect to amounts between 225 grams or more, but less than 650 grams, and from 10 to 5 years for violations involving between 50 grams or more, but less than 225 grams. At the same time, subsection 7401(4) was added,

---

The record shall be placed before the commission of corrections at each regular hearing.

(2) Except as provided in subsections (3) and (4), a convict who does not have an infraction of the rules of the prison or a violation of the laws of this state recorded against him shall receive a reduction from his sentence as follows:

(a) During the first and second years of his sentence, 5 days for each month.

(b) During the third and fourth years, 6 days for each month.

(c) During the fifth and sixth years, 7 days for each month.

(d) During the seventh, eighth, and ninth years, 9 days for each month.

(e) During the tenth, eleventh, twelfth, thirteenth, and fourteenth years, 10 days for each month.

(f) During the fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth years, 12 days for each month.

(g) From and including the twentieth year, up to and including the period fixed for the expiration of the sentence, 15 days for each month.

\*     \*     \*

(4) Subsections (2), (7), (8), and (9) shall not apply to a person convicted of an offense proscribed by section 41(1)(a)(i), (ii), or (iii), section 41(4)(a)(i), (ii), or (iii) of Act No. 196 of the Public Acts of 1971, as amended, being section 335.341 of the Michigan Compiled Laws, or of conspiracy to commit such an offense. Except as provided in subsection (3), *a convict who is serving a sentence for a crime enumerated in this subsection and who does not have an infraction of the rules of the prison or a violation of the laws of this state recorded against him shall receive a reduction of 5 days for each month from his sentence.* [Emphasis added. See also 1982 PA 442.]

which authorized departure from the mandatory minimum term of imprisonment where substantial and compelling reasons existed for doing so. However, with regard to violations involving less than fifty grams, which previously had not required a minimum term, the Legislature imposed a new one-year minimum term of imprisonment and provided an alternative of lifetime probation. Additionally, the Legislature eliminated lifetime probation as a sentence alternative to a violation involving 50 grams or more but less than 225 grams. Finally, the Legislature appended to the provision precluding probation, parole, or sentence suspension during the mandatory term the explicit directive precluding a reduction in the mandatory term of imprisonment by good-time credits, disciplinary credits, "or any other type of sentence credit reduction."[10]

---

[10] The 1987 amendment of subsection 7401 read in relevant part:

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(*iv*) and:

(*i*) Which is in an amount of 650 grams or more of any mixture containing that controlled substance is guilty of a felony and *shall be imprisoned for life.*

(*ii*) Which is in an amount of 225 grams or more, but less than 650 grams, of any mixture containing that controlled substance is guilty of a felony and shall be imprisoned *for not less than 10 years nor more than 30 years.*

(*iii*) Which is in an amount of 50 grams or more, but less than 225 grams, of any mixture containing that controlled substance is guilty of a felony and shall be imprisoned *for not less than 5 years nor more than 20 years.*

(*iv*) Which is in an amount less than 50 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned *for not less than 1 year nor more than 20 years*, and may be fined not more than $25,000.00, *or placed on probation for life.*

\*    \*    \*

The structure of the amendments and the legislative analysis support the conclusion that the purpose of the amendment was to strengthen the penalties proscribed for specified controlled substance offenses, while granting judges greater discretion in sentencing where that discretion was warranted.[11] The intent of the Legislature was to "put some teeth into the controlled substances Act by ensuring that anyone convicted of illegal drug deals, regardless of the quantity involved, would face mandatory imprisonment." Senate Fiscal Agency Analysis, SB 277, Second Analysis, July 14, 1987. As noted by the Senate Fiscal Agency:

----

(3) A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(*i*), (*ii*), (*iii*), or (*iv*) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. An individual subject to a mandatory term of imprisonment under subsection (2)(a) or section 7403(2)(a)(*i*), (*ii*), (*iii*), or (*iv*) shall not be eligible for probation, suspension of that sentence, or parole during that mandatory term, except and only to the extent that those provisions permit probation for life, *and shall not receive a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction.*

(4) *The court may depart from the minimum term of imprisonment authorized under subsection (2)(a)(ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so.* [Emphasis added.]

[11] One argument advanced in support of the bill was summarized as follows:

By reducing certain minimum terms, and allowing judges to depart from them, the bill would moderate what has been an uncompromising law and would give judges greater flexibility in making sentencing decisions based on the individual circumstances of a case. At the same time, strong measures for major controlled substance violations would be retained. [Senate Fiscal Agency Analysis, SB 277 (as enrolled), Third Analysis, January 19, 1988.]

[M]any believe that the law should be amended to mandate imprisonment for even small quantities of illegal drugs, as well as to remove the option of lifetime probation for large quantities. In addition, some criticize the law for excessive rigidity in its prescription of mandatory prison terms. [Senate Fiscal Agency Analysis, SB 277 (as enrolled), Third Analysis, January 19, 1988.]

In 1989, the statute was again amended.[12] The Legislature restored the mandatory minimum sentences to the original (pre-1987 amendment) levels for all amounts between 50 and 650 grams. The one-year mandatory minimum for an amount less than fifty grams, with lifetime probation as an option, and the elimination of lifetime probation for 50 to 225 grams were carried forward from the 1987 act. While the mandatory minimum sentences were restored to twenty and ten years, respectively, the Legislature continued the departure authorization as well as the language precluding a "reduction in that mandatory term . . . ." Thus, the Legislature augmented the punishment for major drug offenders, while continuing the policy of permitting downward departures. An argument advanced in support of returning to the original mandatory minimum sentences was:

The acts (Public Act 275 of 1987 and Public Act 47 of 1988) reducing specified minimum prison terms for illegal manufacture, delivery, or possession of larger quantities of narcotics and cocaine dangerously weakened the law governing controlled substances offenses. The bill would deter drug trafficking by increasing those mandatory minimum prison terms back up to their original levels. [House Legislative Analysis, HB 4698 (as enrolled), Second Analysis, July 28, 1989.]

---

[12] 1989 PA 143.

Plaintiff essentially contends that an individual receiving a departure from the minimum term of imprisonment is not subject to *the* mandatory term of imprisonment and so is eligible to receive disciplinary credits for the minimum term. The circuit court judge agreed, stating:

> And, my construction is here the Legislature had reasons for adding subsection 4 of 333.7401 so that you can depart from *the* minimum term of imprisonment. And, that once having done that, a person is . . . no longer subject to *the* mandatory penalty, and thus, the restriction imposed in terms of parole or in this case disciplinary credits does not apply. [Emphasis added.]

We disagree. The legislation does not use the term *the*, but instead provides that an "individual subject to *a* mandatory term of imprisonment . . . shall not . . . receive a reduction in *that* mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction." MCL 333.7401(3); MSA 14.15(7401)(3). (Emphasis added.) Clearly plaintiff was subject to *a* mandatory term of imprisonment when he was sentenced to 12 to 30 years imprisonment for the drug offense.

We conclude that to effectuate the legislative intent, the phrase "*a* mandatory term of imprisonment" must be read to mean *any* minimum term of imprisonment imposed by a judge under this statute. Although penal in nature, these provisions are found in the Public Health Code, which is to be liberally construed for the protection of the health, safety, and welfare of the people of this state. MCL 333.1111(2); MSA 14.15(1111)(2). This directive militates against the claim that the phrase "an individual subject to" a mandatory term applies only to a person actually sub-

jected to a mandatory term. We therefore decline to accept plaintiff's interpretation of the statute and instead hold that a sentence imposed on an individual "subject to a mandatory term of imprisonment" includes those sentences imposed pursuant to the downward departure provisions of subsections 7401(4) and 7403(3).

While the creation of the authority to depart from mandatory minimums was intended to ameliorate the harsh consequences of automatic imposition of statutory minimums, it cannot be argued seriously that the Legislature intended to afford either trial judges or corrections officials unfettered discretion. As we observed in *People v Fields*, 448 Mich 58; 528 NW2d 176 (1995), the term "substantial and compelling" authorizes deviation from the minimum term only on a demonstration of sufficient objective and verifiable factors on the record. To construe the statute as plaintiff suggests would lead to the conclusion that the trial court has the authority to suspend sentences, a construction in clear contravention of the legislative purpose and the explicit directive that an "individual subject to a mandatory term of imprisonment . . . shall not be eligible for probation, suspension of that sentence, or parole during that mandatory term . . . ." Thus, the fact that the Legislature permitted the exercise of trial court sentencing discretion when supported by substantial and compelling reasons suggests neither that the Legislature intended *automatic* disciplinary credits for violators of the act nor that it authorized probation or a suspended sentence. The statutory scheme contemplates that mini-

mum sentences will be imposed in all but the most unusual cases. We are confident the Legislature did not intend to allow the Department of Corrections to undermine what was intended to be the deterrent effect of the statute by granting sentence reductions.[13]

IV

CONCLUSION

That the Legislature intended to enforce stronger penalties for major drug offenses while allowing judges greater flexibility in sentencing certain offenders cannot be disputed. Interpreting this statute with that goal in mind, we hold that defendants who are sentenced pursuant to the downward departure provisions of subsections 7401(4) and 7403(3) are individuals "subject to a mandatory term of imprisonment" as that term is used in subsection 7401(3) and thus are not eligible to receive a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence-credit reduction.[14] We affirm the decision of the Court of Appeals.

BRICKLEY, C.J., and RILEY and MALLETT, JJ., concurred with BOYLE, J.

LEVIN, J. (*dissenting*). The question presented is whether a person, who is subject to imposition of a mandatory minimum sentence, but, pursuant to the

---

[13] Defense counsel advises that as a result of a settlement of litigation, prisoners are granted disciplinary credits on that portion of their minimum sentence which exceeds the statutory mandatory minimum. We have no further knowledge or argument regarding this policy that is not binding on the courts.

[14] Plaintiff Dean would thus be eligible to receive disciplinary credits or parole following completion of his mandatory minimum twelve-year sentence.

exercise of the court's discretion for downward departure from the mandatory minimum, is actually sentenced to serve a term less than the mandatory minimum, is eligible to receive disciplinary or sentence credits. We would hold that he is.

We agree with the majority that "an individual who receives a downward departure of a minimum term of imprisonment in accordance with subsection 7401(4) or subsection 7403(3) is an 'individual subject to a mandatory term of imprisonment' under subsection 7401(3) . . . ."[1] We write separately because we do not agree that a person who receives a downward departure from a minimum term "is therefore ineligible to receive disciplinary credits or any other type of sentence-credit reduction of that minimum term."[2]

I

Freddy Scott Dean was convicted of possession of more than 225 grams but less than 650 grams of cocaine, and was subject to imprisonment for not less than twenty years or more than thirty years.[3] Dean was not, however, sentenced to serve the mandatory twenty-year minimum sentence. Rather, he was sentenced to serve twelve to thirty years pursuant to the provision authorizing the court to depart from the minimum term of imprisonment if it finds that there are substantial and compelling reasons to do so.[4]

---

[1] *Ante*, pp 450-451.

[2] *Id.*, p 451.

[3] MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii).

[4] MCL 333.7403(3)(a)(ii); MSA 14.15(7403)(3)(a)(ii). MCL 333.7401(4); MSA 14.15(7401)(4) similarly provides for a discretionary departure from the minimum term for persons convicted of delivery or possession with intent to deliver quantities of controlled substances.

The statute further provides—the provision here at issue—that a person subject to a mandatory term of imprisonment shall not be eligible for probation or suspension of that sentence or parole, nor shall he receive disciplinary or any other type of sentence credit reduction during that mandatory term.[5]

II

Because Dean was sentenced to a nonmandatory term of twelve to twenty years rather than to a mandatory twenty- to thirty-year term, and because the statute only prohibits disciplinary or sentence-credit reduction with respect to a mandatory term, his sentence may be reduced by disciplinary or other applicable sentence-credit provisions.

The statute provides:

> An individual *subject to a mandatory term* of imprisonment under subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall not be eligible for probation, suspension of that sentence, or parole *during that mandatory term*, except and only to the extent that those provisions permit probation for life, and shall not receive a *reduction in that mandatory term* of imprisonment by disciplinary credits or any other type of sentence credit reduction. [MCL 333.7401(3); MSA 14.15(7401)(3) (emphasis added).]

The majority focuses on "*subject* to a mandatory term of imprisonment," but does not discuss "*during* that mandatory term," or "*reduction in* that mandatory term." (Emphasis added.)

Although "*subject* to a mandatory term" refers to a mandatory term that might possibly be imposed,

---

[5] MCL 333.7401(3); MSA 14.15(7401)(3). See the beginning of part II for text.

whether actually imposed, "*during* that mandatory term" refers to a mandatory term actually imposed. (Emphasis added.) Otherwise, a person sentenced, as here, to serve a term of years less than a mandatory term of years provided by statute would not, in the majority's construction of the statute, be eligible for "parole during that mandatory term." That would be a result manifestly inconsistent with the statutory authorization of a downward departure from a mandatory minimum term. The statute clearly contemplates that a person who has served a reduced term—here twelve years—is eligible for parole although the mandatory minimum term is longer— here twenty years—and parole would be a "parole *during* that mandatory term."[6] (Emphasis added.)

Similarly, because the sentence actually imposed was not the mandatory minimum term, such a person, sentenced to serve a reduced term as the result of a downward departure, is eligible to receive a reduction in the term of imprisonment as a result of disciplinary or other sentence credits.

Stated in the language of the statute, a person sentenced to serve twelve to twenty years, who receives

---

[6] The construction of the statute that we believe to be correct would not mean that persons "subject to a mandatory term" would "be eligible for probation, suspension of that [mandatory] sentence." The words "during that mandatory term" in the phrase "parole during that mandatory term" modify "parole" and not "probation, suspension of that sentence." The majority errs in reasoning that

[t]o construe the statute as plaintiff suggests would lead to the conclusion that the trial court has the authority to suspend sentences, a construction in clear contravention of the legislative purpose and the explicit directive that an "individual subject to a mandatory term of imprisonment . . . shall not be eligible for probation, suspension of that sentence, or parole during that mandatory term. . . ." [*Ante*, p 462.]

disciplinary or other sentence credits, has not received "a *reduction in* that mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction." (Emphasis added.) The mandatory term is "reduced," not by disciplinary or other sentence credits, but as a result of the downward departure.

The mandatory term is no longer applicable to a person who, although "subject" to the mandatory minimum, is sentenced to a term less than the mandatory minimum. Because a person serving a downward departure sentence is not serving a mandatory term, allowing disciplinary or other sentence credits does not constitute "a *reduction in* that mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction." (Emphasis added.)

It is therefore beside the point that Dean was "subject to a mandatory term of imprisonment," as the majority states and restates throughout its opinion, ignoring "during" and "reduction in that mandatory term."

III

Policy arguments that the Legislature intended harsh punishment, and "could not" have intended to further reward persons who obtain a downward departure from the mandatory minimum sentence, ignore that the Legislature authorized a judge to depart downward on finding substantial and compelling reasons therefor,[7] and that there is at least as much reason for the Legislature to have so further

---

[7] Neither Dean nor we argue that "the Legislature intended to afford either trial judges or corrections officials unfettered discretion." *Ante*, p 462.

rewarded persons, like Dean, who receive a lesser, downward departure sentence, simply because a judge has identified Dean as a person who should have the opportunity to return to society earlier than had a mandatory minimum sentence been imposed.

The Legislature could have decided, although, to be sure, we do not know whether it so decided, that persons so identified by a judge are as deserving of disciplinary or other sentence-credit reduction as offenders generally, including armed robbers, rapists, and second-degree murderers. Absent evidence of what the Legislature's intent in this regard might have been, this Court cannot properly indulge assumptions regarding the Legislature's intent that are opposed by other plausible assumptions.

We know that the legislative purpose in barring "parole during that mandatory term" and "reduction in that mandatory term" by disciplinary or sentence credits was to assure that the mandatory minimum term the offender faced, and thus was "subject" to receiving, would be fully served without reduction by parole or disciplinary or sentence credits. That is the apparent and undoubted, literally stated purpose. There is no justification for embellishing beyond that apparent and undoubted purpose by reading into the literal language,[8] which speaks only of a reduction of

---

Nor do we take issue with the observation "in *People v Fields*, 448 Mich 58; 528 NW2d 176 (1995), [that] the term 'substantial and compelling' authorizes deviation from the minimum term only on a demonstration of sufficient objective and verifiable factors on the record." *Ante*, p 462.

These comments in the majority opinion have nothing to do with the issue of statutory construction here presented, which does not concern whether the circuit judge erred in departing from the mandatory minimum twenty-year sentence.

[8] The majority does not assert that the "plain meaning" supports its construction of the statute:

sentence "during that mandatory term," a broader purpose barring reduction by disciplinary or sentence credits of a sentence other than a mandatory minimum sentence. The statute speaks only of a "reduction in" a mandatory minimum sentence, and does not bar a reduction, by disciplinary or sentence credit, of a downward departure, nonmandatory sentence.

IV

In conclusion, the statute proscribes only a reduction in a *mandatory* term of imprisonment by disciplinary or other sentence credits. It does not prohibit disciplinary or sentence-credit reduction of a lesser nonmandatory term of imprisonment.

CAVANAGH, J., concurred with LEVIN, J.

WEAVER, J., took no part in the decision of this case.

---

Where, as here, the language is not plain, but is subject to varying interpretations, we look to the purpose of the act to ascertain legislative intent. [*Ante*, p 454.]