COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

14925 LIVERNOIS,

Defendant,

and

STANLEY WHITE doing business as TROPICAL
HUT LOUNGE,

Claimant,

and

INTELLIGENT INVESTMENT GROUP, L.L.C.,

Appellant.

UNPUBLISHED
September 15, 2016

No. 327377
Wayne Circuit Court
LC No. 07-727338-CF

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Intelligent Investment Group, L.L.C. ("IIG") appeals the trial court's decision to deny its motion to intervene and for relief from an order of abatement. The trial court concluded that IIG's motion to intervene was untimely because it was filed after a final judgment had been issued. The court consequently denied IIG's motion for relief from the order of abatement because IIG was not a party. IIG argues on appeal that the court's decisions were erroneous. We agree and reverse and remand for proceedings consistent with this opinion.

I. BACKGROUND FACTS AND PROCEDURAL POSTURE

In October 2007, plaintiff filed a complaint for abatement of nuisance, pursuant to MCL 600.3801 *et seq.* and MCL 333.7521 *et seq.*, against defendant real property ("the property") and other parties, including claimant Stanley White, who owned the liquor license and operated the

-1-

business, the Tropical Hut Lounge ("Tropical Hut"), on the property. The complaint alleged that Tropical Hut had "a reputation for violence, disorderly persons, underage drinking, and use of controlled substances," and that it had been cited for serving alcohol to minors on several occasions. In addition, it alleged that between 2006 and 2007, Detroit Police officers responded to two shootings and an armed robbery outside of Tropical Hut. Plaintiff asked the court to abate the nuisance by padlocking the property for a period of one year pursuant to MCL 600.3801 *et seq.*, and/or to enter a permanent injunction against defendants to cease from operating Tropical Hut, and to order that the furniture, fixtures, and other contents of the building be sold to pay any outstanding taxes, liens, or other outstanding costs against the property, and that the court order the forfeiture of the property and authorize the appointment of a receiver.

Other than White's answer to the complaint, nothing of substance happened in the case until October 2014. At that time, White entered into a consent judgment with plaintiff and stipulated that he was the owner of the property and that no other person or entity had a valid legal claim or interest in the property. White agreed to make several changes to the property and his business operations under the terms of the judgment, including installing lighting in the parking lots and alley; installing security cameras; instructing employees to ensure that customers of Tropical Hut were age 21 or older; and training security staff in "de-escalating" situations in which patrons had to be escorted out of the bar. White also agreed to pay a "redemption fee" of $1,500 to the prosecutor's office by October 24, 2014. When White failed to pay the redemption fee, the circuit court ordered the property to be padlocked for one year, beginning November 21, 2014, and ordered any occupants of the property to vacate during the padlocking. The court further ordered that the property was not to be mortgaged, exchanged, or transferred during the padlocked period.

In January 2015, IIG moved (1) to intervene and (2) for relief from the order of abatement. According to IIG, the Wayne County Treasurer had foreclosed on the property on April 20, 2011, for the failure to pay property taxes, and in October 2011, IIG purchased the property from the treasurer. Thus, IIG claimed that it was the sole owner of the property and that it learned of the order of abatement only after it discovered that the property had been padlocked. The court denied IIG's motion to intervene as untimely because a final judgment had already been entered in the case. It also denied IIG's motion for relief from the order of abatement because it was not a real party in interest.

IIG filed with this Court an application for leave to appeal the trial court's decision, which we granted. See *People v 14925 Livernois*, unpublished order of the Court of Appeals, entered July 27, 2015 (Docket No. 327377).

## II. MOTION TO INTERVENE

IIG argues that the trial erred when it denied IIG's motion to intervene. We agree. This Court reviews a trial court's decision on a motion to intervene for an abuse of discretion. *Auto-Owners Ins Co v Keizer-Morris, Inc*, 284 Mich App 610, 612; 773 NW2d 267 (2009). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Id.* (quotation marks and citation omitted).

Pursuant to MCR 2.209(A)(3), a person who submits a timely application has a right to intervene

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The trial court denied IIG's motion to intervene solely because it determined that the motion was untimely, as a final judgment had already been entered. The court relied on *Dean v Dep't of Corrections*, 208 Mich App 144, 150-151; 527 NW2d 529 (1994), aff'd 453 Mich 448 (1996), and *W A Foote Mem Hosp v Mich Dep't of Pub Health*, 210 Mich App 516, 525; 534 NW2d 206 (1995), for this proposition. We, however, disagree that a final judgment acts as a bar in all circumstances and that these cases are controlling.

In *Dean*, a panel of this Court held that the intervening plaintiffs' postjudgment motion to intervene was untimely, and stated that "[t]here should be considerable reluctance on the part of the courts to allow intervention after an action has gone to judgment and a strong showing must be made by the applicant." *Dean*, 208 Mich App at 150. We further stated:

> [The] intervening plaintiffs made a less-than-strong showing that intervention was appropriate. They merely claimed that their action and the main action had a question of law in common and that intervention would not unduly delay or prejudice the adjudication of the original parties' rights. *Nowhere in their motion do intervening plaintiffs explain why they failed to move for intervention while the main action was pending.* [*Id.* at 150-151 (emphasis added).]

We concluded that "[a]llowing intervening plaintiffs to intervene after a judgment is entered promotes a bad public policy: intervening plaintiffs reap the benefits of a favorable judgment but would not be bound by an adverse judgment." *Id.* at 151.

However, *Dean* is distinguishable from the present case in three primary aspects. First, unlike the applicants in *Dean*, IIG did explain why they moved to intervene when they did. IIG claims it only became aware of any proceedings when it found the property padlocked pursuant to the trial court's order of abatement. Nothing in the record gives any indication that IIG could have or should have known about the proceedings earlier.

Second, the Court's concerns in *Dean*—that allowing parties to intervene after judgment has been entered promotes gamesmanship because a party could wait to intervene only after a favorable judgment has been entered, and thereby not be bound by any unfavorable judgment— are not present in the instant case. Here, no such favorable judgment had been entered from which IIG sought to benefit. Although White was permitted to continue operating the Tropical Hut under the terms of the consent judgment, the judgment was not entirely in his favor, as White was required to expend monies to purchase lights and security cameras, and for additional employee training, in addition to the $1,500 redemption fee. Assuming that IIG would have

been subject to the same terms under the judgment as White, there is no indication that IIG moved to intervene in order to benefit from a favorable judgment. And with respect to the later order for abatement, there is no question that this order was not advantageous to IIG. Under this order, the property was to be padlocked for a year, thereby preventing IIG, the clear owner of record, from utilizing the property in any fashion.

Third, the proposed intervenors in *Dean* sought *permissive intervention* through MCR 2.209(B), and here, IIG sought *intervention of right* through MCR 2.209(A). Under the rules for permissive intervention, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." MCR 2.209(B). Notably, under MCR 2.209(A) for intervention of right, there is no corresponding consideration. Thus, unlike with intervention of right, when a request for permissive intervention occurs, a court must evaluate any potential prejudice to the original parties, which necessarily includes consideration of whether a judgment may have already been entered in the action.

Similarly, in *W A Foote*, we concluded that the trial court abused its discretion when it allowed the intervening plaintiff to intervene. *W A Foote*, 210 Mich App at 525. The intervening plaintiff argued "that the parties' claims arose out of the same transactions and occurrences, and that the identical question of law was at issue in both cases," which presumably entitled it to permissive intervention. *Id.* at 522; see MCR 2.209(B)(2). We cited our holding in *Dean* "that a trial court abuses its discretion in granting a motion to intervene after a judgment favorable to the intervenor has already been entered for the original party to the suit with whom the intervenor is attempting to align." *W A Foote*, 210 Mich App at 525. Further, we stated that "[f]ollowing the rationale of *Dean*, it would be equally unfair to permit [the intervening plaintiff] to intervene in the case *when it knew that Foote had just received a favorable ruling from the trial court.*" *Id.* (emphasis added).

Here again, the facts in the instant case are not similar, as IIG did not wait to intervene until after entry of a favorable judgment. Rather, there is nothing in the record to show that it was aware of the litigation at any time before its building was padlocked pursuant to the order of abatement, a decision which certainly was not favorable to IIG.

Therefore, we hold that the trial court erred when it ruled that IIG's motion to intervene was untimely based on *Dean* and *W A Foote* because our holdings were not that, regardless of the circumstances, a motion to intervene as of right may *never* be granted after entry of a final judgment. In fact, in other decisions, we have held that entry of a final judgment is not a bar to a motion to intervene. See, e.g., *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 762-763; 630 NW2d 646 (2001); *Mahesh v Mills*, 237 Mich App 359, 364-365; 602 NW2d 618 (1999). Additionally, IIG correctly points out that MCR 2.209(A) does not contain any express language that an application to intervene must be made prior to entry of a final judgment.

In *Vestevich*, the plaintiff owned a piece of property zoned as residential, which he sought to develop commercially, and challenged the defendant's enforcement of a zoning ordinance as unconstitutional. *Vestevich*, 245 Mich App at 760-761. The trial court upheld the ordinance, and we affirmed. *Id.* at 761. The plaintiff filed, but did not notice, a motion for reconsideration, and the parties entered into a consent judgment that allowed the plaintiff to develop the property commercially in exchange for "certain concessions." *Id.* However, adjacent and other nearby

property owners objected to the plaintiff's development and filed motions to intervene, which were granted by the trial court. *Id.* We affirmed the decision of the trial court granting permissive intervention under MCR 2.209(B), stating that "the concern of inadequate representation of interests need only exist; inadequacy of representation need not be definitely established. Where this concern exists, the rules of intervention should be construed liberally in favor of intervention." *Id.* at 762-763. Further, we stated that although the consent judgment included terms that were "obviously intended to address the concerns of nearby landowners, this does not mean that defendant could not have failed to address all concerns of all affected landowners" and the "defendant's representation of the intervenors' interests might well have been inadequate"; thus, intervention was appropriate. *Id.* at 762-763.

Likewise, in the instant case, neither of the existing parties adequately represented IIG's interests in the litigation. White was no longer the owner of the property at the time of the entry of the consent judgment or order of abatement and, thus, was not similarly situated to IIG and could not have adequately represented its interests in the litigation. IIG's ownership interest in the property was not represented by the existing parties pursuant to MCR 2.209(A)(3). As a result, the trial court erred when it denied IIG's motion to intervene as of right.

Incidentally, we note that plaintiff did not dispute that IIG was the owner of the property. Instead, plaintiff argued that IIG was nevertheless bound by the consent judgment because White was "associated" with IIG, and IIG had acted inequitably in order to avoid liability under the judgment. However, plaintiff offered no evidence to support these allegations. Because there was no evidence that IIG had acted in concert with White to avoid the consent judgment, or that IIG was aware of the foreclosure action, we hold that the trial court abused its discretion when it denied IIG's motion to intervene.

### III. MOTION FOR RELIEF FROM JUDGMENT

IIG argues that the trial court improperly denied its motion for relief from the order of abatement under MCR 2.612(C). We review a court's decision on a motion for relief from judgment or order for an abuse of discretion. *Detroit Free Press v Dep't of State Police*, 233 Mich App 554, 556; 593 NW2d 200 (1999).

MCR 2.612(C)(1) governs how a party may obtain relief from judgment or order and states as follows:

> On motion and on just terms, the court may relieve *a party or the legal representative of a party* from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> * * *
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> (d) The judgment is void.

* * *

(f) Any other reason justifying relief from the operation of the judgment.

[Emphasis added.]



Here, the trial court did not analyze the merits of IIG's claims that it was entitled to relief due to mistake under subsection (a) or any other reason under subsection (f). Instead, because the court denied IIG's request to intervene, it found that IIG's motion for relief from judgment was improper because IIG was not "a party or the legal representative of a party," as the court rule requires. But because we have ruled that IIG should have been allowed to intervene, the court necessarily erred when it relied on IIG's status as a nonparty. Normally, we would allow the trial court on remand to consider the underlying merits of IIG's motion first, but the facts as presented are straight-forward and, due to the interests of justice, we will address whether IIG was entitled to relief.

When the underlying consent judgment and order for abatement were entered in October and November 2014, respectively, the trial court was under the impression that White was still the owner of the property, as he had been when the case was initiated seven years earlier in October 2007. However, the evidence clearly establishes that this was erroneous, i.e., a "mistake." IIG provided to the trial court the October 2011 deed, which established that it had been the owner of the property for the three years preceding the entry of both the consent judgment between the prosecutor and White and the subsequent order of abatement. Consequently, the derivative order of abatement was not valid as to IIG because White was not the property's owner and did not have authority to enter into the earlier consent judgment on behalf of IIG or the defendant property.[1]

Because we hold that IIG was entitled to intervene as of right and obtain relief from the abatement order, we need not address IIG's other argument that the consent judgment and order of abatement were void because plaintiff's interest in the property was extinguished by the judgment of foreclosure. See *Ryan v Ryan*, 260 Mich App 315, 330; 677 NW2d 899 (2004) ("Generally, this Court need not reach moot issues or declare legal principles that have no practical effect on the case . . . .").

---

[1] Additionally, assuming that the facts as presented do not constitute a "mistake" under subsection (a), White's representations that he was the owner of the property at the time of the consent judgment would constitute "fraud" or "misrepresentation" under subsection (b).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood